SARAH J. GILBERT, Appellant, *v.* HARRIET A. COMSTOCK et al., Respondents.

Prior to the going into effect of the Code of Civil Procedure, a contestant of a claim presented by an executor against the estate was not required to present a written answer or formal objections ; the claim was open to any answer of defense, and was subject to be defeated if at the testator's death the statute of limitations had run against it.

A claim so presented was for the board of the testatrix from 1863 to her death in February, 1879, with interest from the expiration of each year. It appeared that a payment in part was made by the testatrix in November, 1875. *Held,* that the claim was of a character to which the statute of limitations might attach; but that the payment operated as an admission and renewal of liability for whatever was unpaid for six years prior thereto ; and that a decree of the surrogate limiting the recovery to six years prior to the death of the testatrix was error.

(Submitted October 1, 1883 ; decided October 16, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1881, which affirmed a decree of the surrogate of Livingston county, the nature of which, as well as the material facts, are stated in the opinion.

*D. C. Hyde* for appellant. The surrogate could not divide up the claim contrary to the evidence. It was indivisible as an entire demand, and carries with it the undivided period wherein the testatrix boarded with the plaintiff. (*Purcell* v. *Fry,* 19 Hun, 595 ; 60 N. Y. 106.) He had no right or power to interpose the statute of limitations. (Code of Civil Procedure, § 413 ; *Van Vleck* v. *Burroughs,* 6 Barb. 344 ; *Martin* v. *Gage,* 9 N. Y. 398 ; *Jackson* v. *Varick,* 2 Wend. 294 ; *Treat* v. *Fortune,* 2 Brad. 116 ; *Van Vleck* v. *Burroughs,* 6 Barb. 344 ; *Clark* v. *Chadeagne,* 10 Hun, 101–105 ; *Purcell* v. *Fry,* 19 Hun, 595 ; *Smith* v. *Velie,* 60 N. Y. 111.) The payments made November 11, 1875, and January 28, 1876, revived the obligation, if a revival was necessary, and took it

out of the operation of the statute of limitations. (Angell on Limitations [6th ed], 240; *McDonal* v. *Walter,* 40 N. Y. 553.) By promises to pay, by partial payments, by admissions made in her own handwriting, the testatrix has, in every possible form, acknowledged her liability to pay plaintiff for board, etc., and her intention and promises that she should pay. (*Clapp* v. *Fullerton,* 34 N. Y. 196.)

*F. C. Peck* for respondent. The claim that the statute of limitations could not be invoked by the contestant, or applied by the surrogate, because it was not formally and specifically pleaded by her, is without merit. (*Tracy* v. *Suydam,* 30 Barb. 110, 111, 116; *Bucklin* v. *Chapin,* 1 Lans. 448; *Sharpe* v. *Freeman,* 45 N. Y. 806.) It is not enough to establish a moral obligation between relatives to pay for services, but there must be an actual express promise, or equivalent circumstances must be established by evidence so clear, direct, and explicit, as to leave no doubt as to the understanding and intention of the parties. (*Dye* v. *Kerr,* 15 Barb. 444; *Cropsey* v. *Sweeney,* 27 id. 310; *Williams* v. *Hutchinson,* 3 N. Y. 318; *Edmonstone* v. *Thomson,* 15 Wend. 354.) Upon the facts as found, the court below was right in holding that the amount could not be stated further back than six years. (*Bowe* v. *Gano,* 9 Hun, 8; Code of Civil Procedure, § 395; *Rich* v. *N. S'vgs B'k,* 3 Hun, 436; *Turner* v. *Marlin,* 4 Robt. 661; 46 Barb. 168; *Kimball* v. *Brown,* 7 Wend. 322; *Cuck* v. *Quackenbush,* 13 Hun, 107; *Albro* v. *Figuero,* 60 N. Y. 630.)

DANFORTH, J. Annis B. Wright died on the 4th of February, 1879, leaving a will by which she appointed her sister, Sarah J. Gilbert, executrix. It was duly admitted to probate and on the 30th of June, 1879, the executrix presented to the surrogate of Livingston county, a petition stating, in substance, that from April 1, 1863, to her death, the deceased boarded with her, and was then indebted for care and board in about the sum of $2,286, over and above all payments. She asked that the debt might be proved before the surrogate and she be

permitted to retain the amount thereof out of the assets in her hands. Citations were duly issued and served, and on the 28th of July the surrogate, after reciting that on the return of the citation the claim was opposed by "Harriet A. Comstock, a legatee named in the will," appointed a referee "to take the proof relating thereto and report the same to the court."

From the evidence returned it is apparent that the deceased did board with the claimant during the time stated. As to this there was no dispute. But the testimony was directed to the question whether the board was furnished as an act of kindness, and gratuitously by one sister to the other as a member of the same family, or in consideration of mutual services, or whether it was given and received on a promise of payment, and if so, its value

The surrogate found that a contract relation existed between the claimant and the deceased in respect to her board, and decided, *first*, that the claimant should be allowed to retain out of the assets of the estate, for six years' board next prior to the death of the testatrix, at the rate of $3 per week, less payments credited within that time, leaving a balance of $820, and this sum was adjudged to be due to her. *Second*, that the claim from April 1, 1864, to February 4, 1873, was barred by the statute of limitations and should be disallowed. From this last or second clause of the decree the executrix appealed to the Supreme Court, where it was affirmed, and she appeals to this court. The contestant did not appeal from any part of the decision of the surrogate.

The proceeding was instituted before the New Code went into effect, and, under the existing practice, the contestant was not required to present a written answer or formal objections to the claim of the executrix. (*Tracy* v. *Suydam*, 30 Barb. 110.) She could not retain for her debt unless it was proved and allowed by the surrogate (2 R. S. 88, § 33), but she was at liberty to proceed in the manner adopted here, or on final accounting. (Laws of 1837, chap. 460, § 37.) In either the claim was open to any answer or defense, and if, upon her proof, it seemed legal and valid, it was still

subject to be defeated if, at the death of the testatrix, the time limited by statute for enforcing a civil remedy had expired. (*Rogers* v. *Rogers,* 3 Wend. 503 ; *Williams* v. *Purdy,* 6 Paige, 166 ; *Bloodgood* v. *Bruen,* 8 N. Y. 362.)    Unless then barred the defense was unavailable. (Laws of 1868, chap. 594, § 1.)

It is apparent from the nature of the demand, and the claimant's statement of it in account, with interest running from the expiration of each year, and on the part of the decedent occasional payments of small sums of money, that the claim was of a character to which the statute might attach, but the record does not show that the contestant put her defense upon that ground, and the appellant urges that the surrogate, therefore, erred in applying it. It does not appear that she did not, and in view of the decision of the surrogate, we must assume that the question was in some proper way brought to his attention, for it is not to be supposed that he interposed the bar of his own motion. We think, however, that sufficient effect was not given to the payment, which it clearly appears was made by the decedent. Her book contains an entry in her own handwriting : "Nov. 11, 1875. Paid sister Gilbert for board $46." The last preceding payment for the same purpose appearing upon the book is under date of May 22, 1868, and there is no proof of any payment in the mean time. The payment of November 11 must have been made to apply in part payment of a larger indebtedness, or in full of the sum due. The judgment rendered by the surrogate and acquiesced in by the contestant necessarily assumes that the payment of November 11, 1875, was in part only and not in full, for it includes compensation for board for six years prior to the death of the testatrix, or from February 4, 1873. But it was sufficient to operate as an admission and renewal of liability, as by a new promise, for whatever might be found to be actually due for a time against which the statute had not then run — that is for board received by her for six years, up to that payment, or from October 11, 1869.

This amount has now been established by extrinsic evidence, and we think the court below erred in limiting the recovery to

six years anterior to the death of the testatrix. The claimant should be allowed to recover for board furnished after November 11, 1869, to the death of the testatrix, less payments made within the same period.

We find no other error in the record; but that the one already indicated may be corrected, the judgment of the General Term should be reversed, and that part of the decree of the surrogate appealed from, so modified as to allow the claimant for board of the testatrix after November 11, 1869, and, as modified, affirmed, with costs to the appellant in all courts, to be retained by her out of the assets of the estate. The proceedings to be remitted to the surrogate of Livingston county.

All concur.

Judgment accordingly.