SARAH V. DENISE, APPELLANT, v. DANIEL S. DENISE, AS ADMINISTRATOR, ETC., OF DENISE DENISE, DECEASED, RESPONDENT.

*Practice — motions for new trials to be made in actions and not in special proceedings — Code of Civil Procedure, sec. 1002 — appeals in special proceedings are regulated by sections 1356 and 1357 of said Code and not by section 1346 — evidence — what testimony does not relate to a personal transaction with a deceased person — what payments relieve a claim from the bar of the statute of limitations.*

The provisions of section 1002 of the Code of Civil Procedure, relating to motions for a new trial, refer to motions in actions and have no application to special proceedings, such as references of disputed claims against the estate of deceased persons.

Appeals from orders and judgments, entered in such proceedings, are regulated by sections 1356 and 1357 of the Code of Civil Procedure, and not by section 1346 thereof.

*Young* v. *Cuddy* (23 Hun, 249) criticised and doubted.

On August 23, 1866, the appellant and one Denise entered into an agreement whereby, in consideration of their intermarriage, it was mutually agreed that each should hold, control and dispose of the real and personal property which he or she, respectively, had at the time of the marriage, or might thereafter acquire, the same as if the marriage had not taken place, except that in case she should survive him she should receive $1,000 from his estate. After the marriage the parties entered into a further verbal agreement by which Denise agreed to pay to the appellant $300 a year in consideration that she should provide at her furnished house in which they were to reside everything necessary for a living for them both during life. Pursuant to this agreement Denise lived with the appellant and was supported by her until April 11, 1879, except for a period of nineteen months. In each year he paid her some money and furnished some of the provisions, amounting in the aggregate to eighty dollars a year.

Upon the hearing before a referee, in proceedings to enforce payment of the amount claimed to be due from the estate of Denise, the appellant was allowed, against the objection and exception of the respondent, to answer the question: "From the date of your marriage to 16th of November, 1874, who provided the necessaries for the house and the support of the family ?" by saying, "we both did it; he got some things and I got the rest."

*Held,* no error, as the question did not necessarily call for any personal transaction or communication with the deceased so as to render it inadmissible under section 829 of the Code of Civil Procedure.

That the annual payments relieved the claim from the operation of the statute of limitations.

*Gilbert* v. *Comstock* (93 N. Y., 484) followed.

APPEAL from an order of the Monroe Special Term, denying the plaintiff's motion for a confirmation of a referee's report and granting the defendant's motion for a new trial.

*J. & Q. Van Voorhis*, for the appellant.

*Horace L. Bennett*, for the respondent.

HAIGHT , . :

The appellant presented a claim against the estate of Denise Denise, deceased, which was rejected by the defendant as administrator, and duly referred under the statute. The referee found, as facts, that on the 23d day of August, 1866, Denise Denise was a widower of the age of sixty-seven years ; that he then entered into an agreement with the plaintiff whereby, in consideration of their intermarriage, it was mutually agreed that each should hold, control and dispose of the real and personal property which he or she respectively had at the time of the marriage or might thereafter acquire, the same as if the marriage had not taken place, except that in case she survived him she was to receive $1,000 from the estate ; that on that day the parties intermarried, and that at about the date of the marriage the parties entered into a further verbal agreement by which Mr. Denise agreed to pay Mrs. Denise $300 a year in consideration that she provide at her furnished house in Spencerport, in which they were to reside, everything necessary for a living for them both during life ; that pursuant to that agreement he went to live with her in her house at Spencerport, and was supported by her until the 11th day of April, 1879, except for the period of about nineteen months ; that each year he paid her some money and furnished some of the provisions, amounting in the aggregate to eighty dollars a year and no more ; and, as a conclusion of law, found that she was entitled to recover of the defendant, as administrator, the sum of $2,400. Motion was made on the part of the plaintiff for a con firmation of the report, and at the same time a motion was noticed on the part of the defendant for a new trial. The Special Term granted the motion for a new trial upon the ground, as appears by its memorandum, that the referee erred in the admission of evidence. From such order the plaintiff now appeals to this court.

She contends, in the first place, that under section 1002 of the

Code the Special Term had no power to review the report of a referee upon an allegation of error in a finding of fact or ruling upon the law; that under section 1346 of the Code an appeal could now be taken from the judgment.

The reference of disputed claims against the estate of a deceased person under the statute is a special proceeding. (*Roe* v. *Boyle*, 81 N. Y., 305.) The motions for new trial provided for by section 1002 evidently have reference to motions in actions and have no application to special proceedings.

Section 1346 provides that " an appeal may be taken to the General Term of the Supreme Court or of a Superior City Court, from a final judgment rendered in the same court, as follows: " First, where a judgment was rendered upon a trial by a referee or by the court without a jury, the appeal may be taken upon questions of law or upon the facts, or upon both."

We are aware that the Second Department, in the case of *Young* v. *Cuddy* (23 Hun, 249), has held that an appeal may be taken from the judgment under this section, but the correctness of this conclusion may be questioned in view of the fact that subdivision 20 of section 3343 of the Code provides: " The word ' action ' refers to a civil action; the word ' judgment ' to a judgment in such an action; the term ' special proceeding ' to a civil special proceeding," etc. Under this provision we are required to construe the term ' final judgment ' appearing in section 1346 as meaning a final judgment in an action, and, consequently, it could not have reference to a judgment in a special proceeding. Appeals from special proceedings are provided for by sections 1356 and 1357 of the Code.

Upon the trial the plaintiff was sworn as a witness in her own behalf and was asked the following question. " From the date of your marriage to 16th of November, 1874, who provided the necessaries for the house and the support of the family?" The question was objected to as incompetent under section 829 of the Code. The objection was overruled and exception taken and the witness answered: " We both did it; he got some things and I got the rest." It was because of this ruling that the Special Term granted the motion for a new trial. There was no motion made to strike out the answer. The chief question in controversy was whether or not the deceased had agreed to pay the plaintiff $300

per year, to support the family. Her right to recover depended upon the establishing of this agreement. It was also necessary for her to show performance on her part. But the question did not necessarily call for any personal transaction or communication with the deceased. It already appeared that Mr. Brown had furnished the provisions and supported the family for the space of about nineteen months, and if the answer had been that Mr. Brown had furnished the provisions, the question certainly would not have been objectionable under the section of the Code referred to, or had she testified that she went to the store and purchased all of the necessaries for the house it would not have been a personal transaction with the deceased, but a separate independent act which she would have the right to testify to. (*Lewis* v. *Merritt*, 98 N. Y., 206.)

The answer includes the acts of both herself and the deceased, but does not necessarily indicate that they acted together, or that the transactions were personal, except in so far as it may be an admission on her part that the deceased furnished to her some of the provisions, and this the defendant could not take advantage of on an appeal, even though it was, under the provisions of the Code, incompetent, for the reason that the answer was in his interest and he suffered no prejudice therefrom. We are consequently inclined to doubt the correctness of the conclusion reached by the Special Term, and are of the opinion that a new trial ought not to have been granted upon this ground. An examination of the case upon the merits discloses ample evidence to sustain the finding of the referee. The fact that the agreement was made to pay her $300 per year, was conceded by the deceased down to within a few days of the time that they separated. There does not appear to be any substantial dispute as to the amount that he paid per year ; so that upon the merits no reasons appear for interfering with the report of the referee.

It is contended, on the part of the respondent, that the plaintiff's claim, or some portion thereof, was barred by the statute of limitations, but upon the authority of *Gilbert* v. *Comstock* (93 N. Y., 484), we must hold that the annual payments relieve the claim from the operation of the statute.

The order of the Special Term should be reversed, and motion to confirm the referee's report and for judgment granted ; that the

plaintiff recover the referee's fees and disbursements paid by her, together with the costs of this appeal, and that the same be paid out of the estate of the deceased.

Barker and Bradley, JJ., concurred; Smith, P.J., not sitting

Order of the Special Term reversed, and motion to confirm referee's report and for judgment granted; the plaintiff to recover referee's fees and disbursements, together with the costs of this appeal to be paid out of the estate.