Bradley, J.
The action is brought to recover for moneys alleged to have been received by the defendant as the attorney and agent of the plaintiff’s testatrix, and not accounted for by him. On or about the 10th day of June, 1868, Mrs. Tucker, the testatrix, took from one Hodge his bond and mortgage to secure the payment to her of 822,000, in twenty-two equal annual payments, and interest annually; and she placed this bond and mortgage in the hands *838 of the defendant, as her attorney and agent, to collect the moneys to become due and to account for them to her.
And in November, 1870, she took an assignment from one Greene of three instalments of a mortgage, made by Aiken and Bottsford to him, which she also put in the defendant’s possession for like purpose.
The defendant from time to time, prior to August 3, 1883, collected and received payments upon the Hodge mortgage, amounting together to $32,584.15, and on the day last mentioned Mrs. Tucker executed and acknowledged in due form for record satisfaction of such bond and mortgage; and prior to and on October 2, 1874, the defendant collected and received upon the Aiken and Bottsford mortgage $1,038, and on that day Mrs. Tucker executed and acknowledged a re-assignment to Greene of that moneys thus making the amount received as such attorney and and agent on both securities $33,622.15. These moneys were so received by him in instalments each year from 1869 to 1883, both inclusive.
The plaintiff’s testatrix died December 20, 1883. And the referee has found that the defendant made advances and payments to her and on her account during the years from 1869 to 1883, inclusive (including $251 for her funeral expenses paid in 1884), amounting to $20,395.09, and directed judgment against him for $12,000.
The defendant pleaded the Statute of Limitations, and now urges its application to defeat recovery of the balance that remained due the plaintiff six years before the death of the testatrix.
This action was commenced October 28,1884. The right of action arose and statute commenced to run in respect to the several sums when they were respectively received by the defendant. Stafford v. Richardson, 15 Wend., 302; Carr v. Thompson, 87 N. Y., 160.,
But the payments made from time to time by him on account of such collections, not having been applied upon any particular items, were applicable and must be deemed applied to the payment of those first received by him, and in extinguishment of the several sums collected by him for the testatrix in the order which they came to the hands of the defendant. Pardee v. Markle, 111 Penn. St., 548; S. C., East. Rep. 493; Hammett v. Dudley, 62 Mel; Webb v. Dickenson, 11 Wend., 62-64; Hunter v. Osterhoudt, 11 Barb , 33; Truscott v. King, 6 N. Y., 147.
By such application of the payments made by the defendant to and for her, no balance remained due to her as of the time of the commencement of the action for collections made by him for her more than six years before it Was commenced, but an amount of the moneys in question *839 exceeding that recovered by the plaintiff was collected and received by the defendant within that time, which seems to dispose of the question of the statute of limitations adversely to the defendant. And the further reason might be added, that for the purpose of application of payments and its effect, the sums collected by him for the testatrix and remaining in his hands become one entire amount. And payments made on account of it within the six years would have the effect to defeat the operation of the statute. Smith v. Velie, 60 N. Y., 106; Gilbert v. Comstock, 93 N. Y., 484.
This doctrine does not depend upon the statutory rule in relation to mutual accounts, which has no application to this case. It is also contended that the fact that the testatrix executed the satisfaction and discharge of the Hodge mortgage, goes in support of the defense and raises the presumption that she had received the moneys which had been collected by the defendant upon it inasmuch as she took from the defendant no written promise or security for any money remaining in his hands and due to her. It may be observed that the right of the mortgagor to discharge of the mortgage depended only upon the payment of the amount secured by it, and when that was done, the duty of the testatrix was to make it.
This was a matter between the mortgagor and mortgagee, and did not presumptively have the effect of adjusting matters between her and her attorney and agent further than to ascertain that the mortgagor was entitled to the discharge.
And her omission to require of the defendant to give some security for money remaining due her from him, was not inconsistent with the confidence which she had apparently reposed in him "as her agent and attorney for fifteen years.
The defendant also contends that the referee has not allowed to him the full amount to which he is entitled for payments made for and on account of the plaintiff’s testatrix. It may be that the defense was embarrassed by her death, and that he, for that reason, was unable to furnish evidence of all the payments made to her. He complains mainly of the disallowance of payments of money he claims to have made to Mr. Sawyer, who was a merchant at Lockport, N. Y., and to Mrs. Douglas, daughter of the testatrix.
During a considerable portion of the time that he was making these collections for Mrs. Tucker, he was also collecting rents for Mrs. Douglas, and making remittances to her, and sometimes moneys for both .were included in the same drafts. Sawyer testified in respect to the accounts on *840 his books against Mrs. Tucker, which were paid; and the referee has allowed to the defendant the amounts appearing, by such evidence.
And so far as it appeared by the defendant’s testimony, that payments were made on account of Mrs. Tucker, they seem to have been allowed. The amount of payments to Sawyer allowed is $1,209.37, and $100 to Sawyer and Cook.
He claims to have made additional payments to Sawyer, and considerable (not allowed) to Mrs. Douglas, which he contends should have been allowed. And for that purpose claims an implied authority from the testatrix.
We have carefully examined the evidence and are unable to conclude that the referee was required by it to allow to the defendant as against_ the estate of Mrs. Tucker, any greater sum than that which he did allow to him.
The judgment should, therefore, be affirmed.
Haight and Lewis, JJ., concur.