MICHAEL CONNELLY *et al.*, appellants, *v.* ROBERT PIERSON, appellee.

*Appeal from Jo Daviess Co. Court.*

An indorsement of a partial payment on a note, made by the holder without the privity of the maker, is not, of itself and uncorroborated, sufficient evidence of payment to repel a defence created by the Statute of Limitations.

An indorsement upon a promissory note is competent evidence of payment against the payee, but he cannot introduce such evidence for the purpose of sustaining his interest.

DEBT, in the Jo Daviess County Court, brought by the appellee against the appellants, and heard before the Hon. Hugh T. Dickey and a jury, at the April special term, 1847, when a verdict was rendered for the plaintiff below for $94·38 debt, and $100·62 damages. The defendants entered a motion for a new trial and in arrest of judgment, which was overruled and judgment entered upon the verdict.

*O. C. Pratt,* for the appellants.

The evidence was not sufficient to warrant a verdict against the defendants below. 1 Cowen & Hill's Notes, p. 154; *Rose-*

*boom* v. *Billington,* 17 Johns. 182; *Whitney* v. *Bigelow,* 4 Pick. 110; *Carter* v. *Gregory,* 8 do, 165, 169.

*C. S. Hempstead & E. B. Washburne,* for the appellee.

The Court below properly refused to grant a new trial. There was no objection to the evidence (which was the note sued on and the indorsement thereon,) going to the jury. It was too late to object after verdict. *Harmon* v. *Thornton,* 2 Scam. 355.

The indorsement on the note took the case out of the Statute of Limitations. An indorsement of part payment, upon a promissory note, every thing appearing fair, is admissible in evidence to the jury to take it out of the Statute, and will control, unless the defendant impeach in some way. 2 Cowen & Hill's Notes, 156; 2 McCord, 418; 1 Greenleaf's Ev. § 121.

The Opinion of the Court was delivered by

TREAT, J.* This was an action of *debt,* commenced in May, 1846, by Robert Pierson against Michael and James Connelly. The declaration was on a promissory note, bearing date the 2d of June, 1829, and payable in six months. Plea, that the cause of action did not accrue within sixteen years next before the commencement of the suit. Replication, that the cause of action did accrue within the sixteen years. On the trial before a jury, the plaintiff read in evidence a note like the one described in the declaration, on the back of which was an indorsement acknowledging the receipt of ten dollars, on the 17th of June, 1833, as a payment on the note. This was all of the evidence. The jury returned a verdict for the plaintiff for the amount of the note and interest. The Court overruled an application for a new trial, and rendered judgment on the verdict. The Connellys prosecute an appeal.

More than sixteen years having intervened between the maturity of the note and the commencement of the suit, the

* WILSON, C. J., and DENNING, J. did not sit in this case.

cause of action was apparently barred by the Statute of Limitations. The plaintiff attempted to take the case out of the operation of the Statute, by proof that the makers had made a partial payment on the note within the sixteen years. The only question therefore is, did the indorsement, of itself, afford sufficient evidence of such payment. As against the payee, the indorsement would unquestionably be competent evidence of payment, on the principle that the admissions of a party may be used against him; but when introduced by him for the purpose of sustaining his interest, it would seem to be obnoxious to the objection, that the declaration of a party cannot be admitted in his own favor. There is no difference between the declaration of the payee that he had received a partial payment on the note, and his written acknowledgment of such payment. The indorsement is the *ex parte* act of the payee, and is favorable to his interest; for if sustained, he thereby avoids the defence, and recovers a demand, which, without the indorsement, would clearly be barred by the lapse of time. The evidence *therefore proceeds from an interested* source. A rule, that the mere indorsement should authorize the presumption that the payment was actually made, and at the time stated, would be inconvenient in its operation, and mischievous in its tendency. It would furnish the strongest inducements to the payee to fabricate testimony in his favor, which could not without great difficulty, if at all, be explained away by the maker. The payment is an affirmative act, much more easily established by the creditor than disproved by the debtor. In the opinion of the Court, an indorsement of a partial payment on a note, made by the holder without the privity of the maker, is not, of itself and uncorroborated, sufficient evidence of payment to repel the defence created by the Statute of Limitations. It was thus expressly decided in the cases of *Roseboom* v. *Billington,* 17 Johns. 182, and *Whitney* v. *Bigelow,* 4 Pick. 110.

The County Court erred in not granting a new trial. The judgment is reversed with costs, and the cause is remanded.

*Judgment reversed.*