In the Matter of the Petition of Mary A. Whittlesey, Respondent, v. Antoinette E. Hoguet, Executrix, etc., Appellant.

An order of General Term affirming an order of Special Term reviving against his executors a special proceeding instituted against a discharged trustee, and pending at his death, is not appealable to this court; it is not "a final order affecting a substantial right made in a special proceeding" within section 11 of the Code (sub. 3), but an intermediate order relating to the procedure.

(Argued May 30, 1876; decided June 6, 1876.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department affirming an order of Special Term.

The nature of the Special Term order and the facts are sufficiently stated in the opinion.

*Joshua M. Van Cott* for the appellant.

*Samuel Hand* for the respondent.

ANDREWS, J. This order is not appealable. It is an order of the General Term affirming an order of the Special Term reviving a special proceeding instituted against a discharged trustee, and pending, at his death, against his executors. In 1858 the court, upon the petition of the trustee, made an order discharging him from the trust, and relieving his sureties, and appointing a new trustee, it being made to appear that he had accounted for and paid over the trust fund in his hands to his successor in the trust.

In 1872 the *cestui que trust* applied to the court, by petition, for an order vacating the order discharging the trustee and his sureties, made in 1858, and for other relief, upon allegations that that order was procured by imposition upon the court. The court, upon the presentation of the petition, made an order referring it to a referee to take proof of the matters stated in the petition, and report the same, with his opinion thereon, to the court. The parties appeared and proceeded with the reference, but, pending the proceedings, the trustee died, and the Special Term, upon the application of the *cestui que trust*, made the order reviving the proceedings against the executors, from which an appeal was taken to the General Term, where the order was affirmed, and it is now brought here by appeal.

The order reviving the proceedings was not a final order affecting a substantial right made in a special proceeding within the third subdivision of section 11 of the Code. The object of the order was to remove an obstruction, occasioned

by the death of one of the parties, to further proceeding in the application to vacate the order discharging the trustee and his sureties, and which, until removed, prevented a final order being made upon the application. It was an intermediate order relating to the procedure. It was not a final order in the proceeding. It left the question whether the order should be vacated undetermined.

The right of appeal to this court from the order in question, if it exists, is given by the third subdivision of section 11 of the Code referred to, and this does not confer it. The fourth subdivision relates to orders in actions, and not in special proceedings.

The appeal must, therefore, be dismissed, without passing upon the question of the power of the court to make an order reviving and continuing the proceeding to vacate the order discharging the trustees, against his executors.

All concur.

Appeal dismissed.