In the Matter of the Estate of CATHARINE LATZ, De-ceased.

*Court of Appeals, October 2, 1888.*

See 33 Hun, 618.

*Appeal. Final order.*—An order of the general term reversing the order of the surrogate, and directing that the proceedings be remitted to the surrogate for an accounting as demanded by the petition, is not a final order, and, being made in a special proceeding, is, therefore, non-appealable to the court of appeals.

Appeal from an order of the general term of the supreme court, reversing an order of the surrogate's court, dismissing the petition of an administrator.

*Jacob Stern,* for appellant.

*Martin Clark,* for respondent.

RUGER, Ch. J.—Martin Clark, as administrator *de bonis non* of the estate of Catharine Latz, deceased, presented his petition to the surrogate, praying for an order against the executrix of John Latz, deceased, administrator of said Catherine Latz, requiring her to account for the unadministered assets of said Catherine Latz remaining in the hands of such executrix.

The executrix answered such petition and plead, among other things, the statute of limitations as a bar thereto.

The facts upon which the defense was based were substantially admitted upon the hearing, and the surrogate decided that the statute was a bar to further proceedings. Upon appeal to the general term that court reversed the order of the surrogate, and directed that the proceedings be remitted to the surrogate for an accounting as demanded by the petition.

This order is not a final order, and being made in a special proceeding, is therefore unappealable to this court. Subd. 3, § 190, Code of Civil Procedure; Roe v. Boyle, Exr., etc., 81 N. Y. 305; *In re* Whittlesey v. Hoguet, 66 N. Y. 358.

The question whether this proceeding is barred by the statute of limitations may be the subject of litigation upon the accounting, but whether so or not is immaterial upon the question of the powers of this court to review the order appealed from.

The adjudication of the general term was not final upon any question in the case.

The appeal must therefore be dismissed, with costs.

All concur.