JAMES W. BENDER, Respondent, v. JOHN L. BLESSING, Appellant.

*Statute of Limitations — a bar as to one of two joint makers of a note — one maker has no implied power to take the claim out of the operation of the statute as to another party.*

When upon the trial of an action brought upon a promissory note, which upon its face is barred by the Statute of Limitations, there is no evidence of payments having been made thereon by one of the defendants which would take it out of the operation of the Statute of Limitations, a motion to dismiss the complaint as to such defendant should be granted. The burden rests upon the plaintiff to show affirmatively that such defendant had personally made or directed to be made some payment, or had done some other act to arrest the

running of the statute, and the payment of interest on the note by one of the other makers thereof, while it prevents the running of the statute as to him, does not without express direction or authority from the other maker have that effect as to the latter, and will not as to him revive a claim barred by the statute. The relation of joint and several makers of promissory notes raises no implication of the relation of an agency, by which one maker can bind another in the renewal of the obligation, so as to prevent the running of the Statute of Limitations thereon against him.

APPEAL by the defendant, John L. Blessing, from a judgment of the County Court of Albany county in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 31st day of May, 1894, upon the verdict of a jury, and also from an order entered in said clerk's office on the 31st day of May, 1894, denying the defendant's motion for a new trial made upon the minutes.

*George H. Stevens,* for the appellant.

*Galen R. Hitt* and *Stanwix & Murray,* for the respondent.

MAYHAM, P. J. :

This action was commenced by the service of a summons on the defendant April 17, 1892. The action was brought upon a promissory note for $240 dated May 3, 1879, payable to the order of John L. Blessing, and signed by Martin J. Blessing, Thomas Hilme and John L. Blessing; and John L. Blessing and Martin J. Blessing were the only defendants named in the summons.

John L. Blessing alone answered, and by his answer denied the execution of the note, and, for a separate defense, set up the Statute of Limitations. The only real question on this appeal arises upon the defense of the Statute of Limitations.

On the trial the plaintiff introduced evidence tending to show that the note was given for money advanced at the time the note bears date to John L. Blessing, the appellant, and that he negotiated the loan of the plaintiff.

The plaintiff proved the execution of the note, and that the interest had been paid on it up to May, 1891, but did not prove by whom the payments of interest were made.

The defendant introduced in evidence eight vouchers for interest purporting to have been paid by Martin J. Blessing, and signed by

the plaintiff, each acknowledging the payment of sixteen dollars and eighty cents, and the last bearing date February 25, 1891.

There is no proof in the case that the defendant, John L. Blessing, ever paid or authorized the payment of any interest on this note. At the conclusion of the evidence the defendant, John L. Blessing, moved that the complaint be dismissed as to him, in various forms, on the ground that the note, as to him, was barred by the Statute of Limitations. The learned trial judge denied the motion, and submitted to the jury two propositions : *First.* Whether the defendant, John L. Blessing, executed the note. *Second.* Whether the payments of interest were made on his behalf. To which ruling the counsel for the appellant excepted.

We think the motion should have been granted. The note, upon its face, was barred by the Statute of Limitations, and there was no evidence of payments by the appellant to take it out of the operation of the statute.

The burden was upon the plaintiff to show affirmatively that John L. Blessing had personally made, or directed to be made, some payment or had done some other act to arrest the running of the statute. (*Miller* v. *Magee*, 17 N. Y. St. Repr. 547 ; *Hulbert* v. *Nichol*, 20 Hun, 454.)

Payment by Martin J. Blessing, one of the other makers, of the interest, while it prevents the running of the statute as to him, does not, without express direction or authority from the other makers, have that effect as to them, and will not, as to them, revive a claim barred by the statute. (*Dunham* v. *Dodge*, 10 Barb. 566 ; *Shoemaker* v. *Benedict*, 11 N. Y. 176 ; *Winchell* v. *Hicks*, 18 id. 558 ; *McMullen* v. *Rafferty*, 89 id. 456.)

The relation of joint and several makers of notes raises no implication of the relation of an agency by which one can bind another in the renewal of an obligation so as to prevent the running of the Statute of Limitations. *Van Keuren* v. *Parmelee*, 2 N. Y. 523 ; *Winchell* v. *Hicks, supra ; Smith* v. *Ryan*, 66 N. Y. 358.)

In the case last cited ALLEN, J., says : " The principle is recognized in all the cases that a payment which is to operate as an acknowledgment must be made by the debtor or his authorized agent ; that is, an agent having authority to make a new promise or to perform for the party the very act which is to be the evidence of a

new promise;" and the learned judge adds: "There is no agency as between several joint debtors, or between principal and surety, or between an insolvent debtor and his assignees, which will make a payment by one evidence of an acknowledgment of the debt of the other so as to revive the demand." (Citing in support of that doctrine some of the cases above referred to.)

We think, therefore, upon the evidence in this case, as it stood at the time the parties rested, the judge should have dismissed the complaint as to this appellant.

The judgment must be reversed and a new trial ordered, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed, new trial granted, costs to abide the event.