JAMES W. BENDER, Respondent, *v.* JOHN L. BLESSING, Appellant, Impleaded with MARTIN J. BLESSING.

*Promissory note — payments of interest indorsed thereon — no presumption that the interest was paid by any particular maker.*

Where an action is brought against several makers of a promissory note, which would be barred by the Statute of Limitations unless saved by payments made thereon, and upon the trial of the action the holder gives no evidence to prove by which one of the makers alleged payments were made, there is no presumption that the payments were made by all of the makers or by any particular one of them.

APPEAL by the defendant, John L. Blessing, from a judgment of the County Court of Albany county in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 15th day of June, 1895, upon the verdict of a jury rendered after a trial at the Albany County Court, and also from an order entered in said clerk's

office on the 19th day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

The complaint in this action alleged the making of a promissory note by the defendants and one Helme, to the order of the defendant John L. Blessing, its indorsement by John L. Blessing and its transfer for value to the plaintiff, and demanded judgment for the amount of the note with interest.

The defendant John L. Blessing, answering the complaint, denied the execution of the note, and for a separate defense set up the Statute of Limitations.

Upon the trial the plaintiff proved the execution of the note, and that certain payments of interest had been made, but there was no proof that the defendant John L. Blessing ever paid or authorized the payment of any interest on the note.

A judgment in favor of the plaintiff was reversed by the General Term and a new trial was granted.

*George H. Stevens*, for the appellant.

*Galen R. Hitt*, for the respondent.

MAYHAM, P. J. :

The only substantial difference that we have discovered in the evidence on this trial, from that which was taken on the former trial, is, that on this trial it does not appear by whom the interest which was indorsed upon the note was paid, if paid at all ; whereas, on the former trial the evidence tended to show that the interest, payments of which were indorsed on the note, had been paid by Martin J. Blessing, one of the joint and several makers of the note.

When the case was before this court on a former appeal (82 Hun, 320), this court held that, as the Statute of Limitations was pleaded by the defendant, John L. Blessing, and there was no evidence proving, or tending to prove, that any interest had been paid by him, or by any other person under his direction or authority, that the note as to him was barred by the Statute of Limitations, and that judgment against him was accordingly reversed.

On this trial the note and the indorsements on the same were offered in evidence by the plaintiff, and was received by the court under the objection by the defendant that the indorsements were

immaterial and improper and not evidence against the defendant, John L. Blessing; that there was no evidence to show by whom the payments had been made, and they were not, of themselves, evidence against the defendant, John L. Blessing.

The learned trial court held and decided on this trial, from the evidence offered, that the legal presumption was that either one or all of the makers of the note paid the interest, as it was their duty to do, at the end of each year, and held and charged that, as the evidence stood, the proof showed that each one of the makers might have paid some part of such interest.

If this court was right in its determination on the former appeal, there is nothing in the case as it now stands to cause it to change its determination made at that time.

We see nothing either in the law or the evidence which calls upon us to change the conclusion reached by us on the former appeal, and the judgment must be reversed for the reasons stated in the opinion on that appeal without reiterating such reasons here.

If the plaintiff, by his own proof, failed to make out a legal cause of action against the defendant, it was certainly not incumbent on the defendant to give any proof of his affirmative defense. He could safely stand upon the plaintiff's failure of proof, and no presumption can be indulged in as against him for not introducing affirmative evidence of his defense when the plaintiff had failed to establish a legal cause of action against him.

It is insisted by the learned counsel for the appellant that this court should, on this hearing, render judgment absolute in favor of the defendant, with costs, a power which doubtless rests with this court in a proper case. (*Price* v. *Price*, 33 Hun, 432.)

But if on another trial the plaintiff can establish payment of interest by this defendant, either upon the defendant's testimony or that of any other witness, we think he should have the privilege of doing so.

The judgment must be reversed and a new trial ordered, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed and a new trial granted, costs to abide the event.