NATHAN, Appellant, *v.* JENKINS et al., Respondents.

(No. 8,233.)

(Submitted November 26, 1941. Decided January 2, 1942.)

[123 Pac. (2d) 975.]

*Messrs. Swanberg & Swanberg,* for Appellant, submitted a brief; *Mr. Randall Swanberg* argued the cause orally.

48

50

*Messrs. Speer & Hoffman,* for Respondents, submitted a brief; *Mr. Harvey B. Hoffman* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action on a promissory note made by defendants to Frank J. Hirshberg, now deceased. Trial resulted in a judg-

ment for defendants after their motion for a directed verdict was sustained.

The plaintiff alleged in the complaint that a payment of $25 was made on the note on August 7, 1934. The defendants in their answer denied the making of this payment and pleaded the statute of limitations. The motion for directed verdict raised the point that there was no proof showing, or tending to show, that the $25 payment had been made on the note by the defendants or either of them. Hence that question is the only important point in the case.

The evidence discloses that the note was executed on October 31, 1929, in the sum of $925, as a renewal of a note in like amount, and was made payable on demand. Shortly after the note was executed Frank J. Hirshberg died and Edward Hirshberg was appointed administrator of his estate and served until February 16, 1934, when he was succeeded by Robert A. Nathan as such administrator. On August 7, 1934, Edward Hirshberg, in addition to being administrator of the estate of Frank J. Hirshberg, was president of the bank at Fairfield, and J. E. Young was at that time cashier. The $25 endorsement on the note is in the handwriting of J. E. Young, who testified that he made it on the 7th day of August, 1934, at the direction of Edward Hirshberg, and that the latter at that time gave him $25 in currency with instructions to credit that amount on the note. Young did not know where Hirshberg had obtained the money. Plaintiff produced no direct evidence that the money came from the defendants. Both of the defendants deny that they paid the money to Edward Hirshberg, and deny that they had any knowledge of the fact that the $25 credit had been given on the note.

There is evidence that E. W. Huele interviewed defendants several times as plaintiff's agent in the fall of 1937, and the spring of 1938, in an attempt to collect the note together with other indebtedness and informed defendants that the balance due on the note was $900 plus interest. Defendants at that

time made no claim that the balance was $925, instead of $900. There is evidence also that defendants attempted to borrow money from the Federal Land Bank and had interviews with Fred Fligman with reference thereto. Mr. Fligman was endeavoring to ascertain all the indebtedness owing by the defendants. They reported to him the note here in question, and at first stated it was something over $900, but later gave the figure as $900. At the trial they explained that this was simply the method of identifying the note and that they did not thereby intend to assert that the note was in the sum of $900, or to imply that it was not in the sum of $925. At any rate, this evidence, as well as that given by Mr. Huele, was not sufficient either to offset their denial of such payment or to show ratification of an unauthorized credit so as to toll the running of the statute. (See note in 124 A. L. R. 234.)

Plaintiff relies upon the rule of law stated in 37 C. J. 1242, as follows: "However, where there is evidence that the holder of the note made, or caused to be made, a credit endorsement thereon at a time when it was not barred, and consequently when it was against his interest to make it, it will be presumed that the credit was made on the date it bears, and that an actual payment was made at that time, by the makers or one of them." This, as we shall presently point out, is not the universal rule.

The only cases cited in support of the text are Missouri cases. The courts are divided as to whether the mere endorsement of a credit on a note by the holder before action thereon is barred is sufficient to make out a prima facie case of part payment to toll the statute. There are cases holding that such evidence makes out a prima facie case. They are listed in the note on page 914 of 59 A. L. R. Other courts take the opposite view and hold that such entry or endorsement, standing alone, is not sufficient evidence of a part payment by the makers or either thereof to toll the running of the statute. They are listed in 59 A. L. R., page 922. And see 37 C. J. 1152, where it is said: "Indorsements by the creditor of payments on a bond, note or

other evidence of debt, without more, do not operate to interrupt the running of the statute.'' ''It is payment and not the indorsement on the evidence of debt that operates to toll the statute.'' (37 C. J. 1151.)

Our statute applying to the situation is section 9062, Revised Codes, reading: ''No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of sections 9011 to 9066 of this code, unless the same is contained in some writing, signed by the party to be charged thereby. But this section does not alter the effect of any payment of principal or interest, which payment is equivalent to a new promise in writing, duly signed, to pay the residue of the debt.''

We are impressed by the reasoning of the court in the case of *Connelly* v. *Pierson*, 4 Gilman 108, 9 Ill. 108, 109, where the court said: ''As against the payee, the indorsement would unquestionably be competent evidence of payment, on the principle that the admissions of a party may be used against him; but when introduced by him for the purpose of sustaining his interest, it would seem to be obnoxious to the objection, that the declaration of a party cannot be admitted in his favor. There is no difference between the declaration of the payee that he had received a partial payment on the note, and his written acknowledgment of such payment. The indorsement is the ex parte act of the payee, and is favorable to his interest; for if sustained, he thereby avoids the defense, and recovers a demand, which, without the indorsement would clearly be barred by the lapse of time. The evidence therefore proceeds from an interested source. A rule that the mere indorsement should authorize the presumption that the payment was actually made, and at the time stated, would be inconvenient in its operation, and mischievous in its tendency. It would furnish the strongest inducements to the payee to fabricate testimony in his favor, which could not without great difficulty, if at all, be explained away by the maker. The payment is an affirmative act, much

more easily established by the creditor than disproved by the debtor. In the opinion of the Court, an indorsement of a partial payment on a note, made by the holder without the privity of the maker, is not, of itself and uncorroborated, sufficient evidence of payment to repel the defence created by the Statute of Limitations. It was thus expressly decided in the cases of *Rosebloom* v. *Billington,* 17 Johns. [N. Y.] 182, and *Whitney* v. *Bigelow,* 4 Pick. [Mass.] 110.''

It is significant, too, that part payment by one joint debtor does not suspend the running of the statute as against the joint obligator. (*Monidah Trust* v. *Kemper,* 44 Mont. 1, 118 Pac. 811, Ann. Cas. 1912D, 1326; *First National Bank* v. *Bullard,* 20 Mont. 118, 49 Pac. 658; *Oleson* v. *Wilson,* 20 Mont. 544, 52 Pac. 372, 63 Am. St. Rep. 639.) If there be a presumption of payment, then it is purely a matter of speculation as to which one of the defendants is presumed to have made it. (Compare *Bender* v. *Blessing,* 91 Hun. 73, 36 N. Y. Supp. 162.)

We think the better reasoned cases support the view that the endorsement, standing alone, does not make out a prima facie case. We can see no good reason why such an endorsement, standing alone, raises a presumption that the payment was made by the makers of the note or either of them. The statute —section 10606, Revised Codes—does not classify this as one of the statutory presumptions. While it is true that such an endorsement is against the interest of the payee, were the·defendants asserting that the partial payment had been made, yet, as here attempted to be used, the endorsement promotes the interest of the payee by allowing him additional time within which he must commence the action before it is barred, and in that sense is self-serving. (*Catlin* v. *Mills,* 140 Wash. 1, 247 Pac. 1013, 47 A. L. R. 545, and *Connelly* v. *Pierson,* supra.) Before plaintiff makes out a prima facie case that a partial payment tolled the running of the statute, he must show that such payment was actually made by the makers of the note, or for them with their knowledge and consent. There being no such evidence here, the

58

court was right in holding that the action on the note was barred by the statute of limitations, and hence in sustaining the motion for a directed verdict.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.

Rehearing denied March 24, 1942.