Hon. HENRY L. WARREN, Chief Justice.
Hon. HIRAM KNOWLES, }
Hon. GEORGE G. SYMES, } Justices.

---

## CARUTHERS et al., appellants, v. PEMBERTON et al., respondents.

PLEADING — *reply required if answer prays for relief.* An answer which contains new matter in avoidance needs no reply under the statutes of this Territory, unless it states facts that entitle the defendant to affirmative relief.

WATER-RIGHTS — *capacity of ditch.* The measure of the plaintiffs' right to water in controversy in this case is the number of inches that their ditch would convey from the point of diversion without running over its banks.

PRACTICE — *when judgment is not reviewed.* This court will not review a judgment when it appears from the whole record that justice has been done.

PRACTICE — *new trial — newly-discovered evidence — affidavits.* A new trial will not be granted on the ground of newly-discovered evidence, if the affidavits do not show what diligence was used to obtain it, and the evidence is cumulative.

*Appeal from the Second District, Deer Lodge County.*

THIS action was commenced in the district court in November, 1868, by Caruthers and others against Pemberton and others. The plaintiffs owned a water-ditch, known as the De Long ditch, which diverted the waters of Gold creek in Deer Lodge county prior to September 1, 1868. The defendants, who then did business in said county under the name and style of the Pioneer Ditch Company, owned a ditch, known as the Pioneer ditch, which diverted the waters of Gold creek about two miles above the head of the De Long ditch. The plaintiffs claimed that they were entitled by prior appropriation to the use of two hundred and fifty inches of water in the De Long ditch; and that the defendants, about September 1, 1868, wrongfully diverted the same and prevented it from flowing in their ditch. The prayer of the complaint was for a perpetual injunction restraining the defendants from diverting the water, and $3,000 damages. The answer alleged that the capacity of the De Long ditch to convey water was no more than one hundred inches according to miners' measurement; and that plaintiffs had always enjoyed the use of that amount since the construction of their ditch. No replication was filed by the plaintiffs.

The case was tried at the November term, 1868, and the jury returned a general verdict for defendants and also special findings. The court, KNOWLES, J., denied the plaintiffs' motion for a new trial and they appealed.

The other facts appear in the opinion.

J. C. ROBINSON, for appellants.

No replication is required under our statute. The court below erred in instructing the jury "that it was confessed by the plaintiffs in the pleadings that the appellants had had at all times as much as one hundred inches of water." Acts 1867, 141, § 38; 144, §§ 50, 65; *Bridges* v. *Paige,* 13 Cal. 640; *Piercy* v. *Sabin,* 10 id. 22; *Herold* v. *Smith,* 34 id. 122; Voorhies, N. Y. Code, § 153.

The jury should have passed upon any portion of the one hundred inches of appellants' water that was diverted by respondents. The court erred in giving the other instructions and admitting certain testimony. *Norwood* v. *Kenfield*, 30 Cal. 400 ; *Lally* v. *Wise*, 28 id. 540.

The showing of newly-discovered evidence is sufficient to entitle the appellants to a new trial.

The evidence was insufficient to support the findings and verdict of the jury. *Smith* v. *Atherton*, 34 Cal. 506 ; *Hill* v. *Smith*, 32 id. 167 ; *Franklin* v. *Dorland*, 28 id. 175.

CLAGETT & DIXON, for respondents.

The affidavits for new trial do not show surprise or diligence. They do not come within the statute. Prac. Act, §§ 193 and 194. The evidence which they contain is cumulative. This is no ground for a new trial. 1 Gr. & W. New Trials, 486 ; 3 id. 1016, 1048.

The statement shows the weight of evidence is in favor of respondents. A new trial will not be granted, if there is a conflict of evidence, or any evidence to support the verdict. 1 Gr. & W. New Trials, 380 ; *Kile* v. *Tubbs*, 32 Cal. 333 ; 3 Gr. & W. New Trials, 1239.

The instructions are correct, and are more favorable to appellants than respondents. The special findings covered all the issues.

Evidence was properly admitted to show that part of the water in plaintiffs' ditch came from Pioneer gulch, and that the lower portion of their ditch was larger than the upper. The instructions did not mislead the jury or prejudice the plaintiffs. A new trial will not be granted if the complaining party could not be injured by the instructions ; nor if justice has been done. *Tompkins* v. *Mahoney*, 32 Cal. 231 ; 1 Gr. & W. New Trials, 301 ; 3 id. 862, 867, 868.

SYMES, J. This was an action brought by plaintiffs for damages for the diversion of water by the defendants, which the plaintiffs claimed by prior appropriation for mining purposes, tried at November term of the district court, 1868. Verdict and judgment for defendants.

The complaint alleges in substance that plaintiffs on and prior to September 1, 1868, owned and possessed a water-ditch, of the capacity of two hundred and fifty inches, miners' measurement, in Deer Lodge county, Montana Territory. It being an artificial water-ditch for diverting the waters of Gold creek, and known as the De Long ditch, and claimed by prior appropriation, waters of said creek, conveyed by said ditch to amount of two hundred and fifty inches. That on 1st of September, 1868, defendants wrongfully and unlawfully diverted the waters of said Gold creek and prevented same from flowing down plaintiffs' ditch, thereby damaging plaintiffs $3,000, for which they sue.

Defendants' answer admits plaintiffs' possession of said ditch; denies that ditch was of the capacity of two hundred and fifty inches, and alleges that at the time of appropriation ditch would convey one hundred inches and no more, and denies the diversion of any water belonging to plaintiffs. Answer further alleges that in August, 1866, defendants and those under whom they claim appropriated all the waters of said Gold creek then unappropriated, and constructed a ditch to convey same to Pioneer gulch, which ditch was of the capacity to convey six hundred inches, more or less, and known as Pioneer ditch, and takes the waters of said Gold creek about two miles above the head of said De Long ditch; that when Pioneer ditch was constructed De Long ditch would convey one hundred inches of water from said Gold creek and no more; that defendants were entitled to all the waters of said creek except one hundred inches, and had always allowed one hundred inches to flow down said De Long ditch without diversion. This case came up on order overruling motion for new trial, and errors and exceptions stated in the statement for same, as follows:

1. On the trial defendants ask plaintiffs' witness, if he did not in fall of 1866, when mining in Pike's Peak gulch, convey water from Pioneer gulch to where he was mining? which was objected to by plaintiffs as irrelevant, overruled and exceptions. 2. Plaintiffs' witness, Cook, testified that the

capacity of plaintiffs' ditch was about one hundred and fifty inches. He thought so from amount of water flowing in Sharp and Williams & Co.'s bed-rock flume and amount they were compelled to use. On cross-examination, defendants asked witness if part of water in flume did not come out of Pioneer gulch? Objected to by plaintiffs as irrelevant. Overruled, and witness answered, it did. 3. Defendants asked their witness if part of the water which came through De Long ditch in 1866 to mines came from Pioneer gulch? Objected to by plaintiffs as irrelevant. Overruled, and witness answered, it did. If plaintiffs' witnesses formed the judgment of the capacity of plaintiffs' ditch by the amount of water flowing into a flume some distance below head of ditch or into some mine, it was certainly relevant for defendants to cross-examine plaintiffs' witnesses, or show by their own witnesses, that portion of the water in the flume or flowing into the mines came into flume, mines or De Long ditch, below where said ditch took the water from said Gold creek. It might weaken their judgment or show that they knew nothing of the amount of water said ditch took from said Gold creek.

Plaintiffs excepted to the court instructing the jury that plaintiffs admitted in their pleading that defendants had always permitted one hundred inches of water to flow down said Gold creek to said De Long ditch, because alleged in answer and no replication being filed by plaintiffs. The court erred in this instruction. Section 38, Civil Code, provides that the only pleadings on the part of the plaintiff shall be complaint, demurrer or replication to defendant's answer, and on the part of defendant shall be demurrer to complaint, or replication or answer to the complaint. Section 50 provides that where the answer contains new matter plaintiff may demur or move to strike out sham and irrelevant answers, or such part thereof as may be irrelevant, immaterial, etc. Section 65 provides that any material allegation of the complaint or cross-complaint, not controverted by the answer, shall, for the purposes of the action, be taken as true, and that the statement of matters in avoidance

*shall, on the trial,* be deemed controverted by the adverse party. Distinct sections of the Code prescribe what the complaint shall contain ; also the answer. But unlike most codes of the different States, there is in ours no section except those referred to which treats of a replication or form which we can deduce when it is necessary or what it should contain. Section 38 prescribes there shall be such a pleading as a replication, but no section states when it shall be necessary. Section 50 states that when answer contains new matter plaintiff may demur, move to strike, etc., but does not say he may reply. Section 65 states that material allegations in complaint or cross-complaint, not controverted, shall be taken as true. And that matter in avoidance in the answer shall be deemed controverted, thereby it seems to us saying that new matter in avoidance may not be controverted by a reply. In referring to the New York code we find the provisions as to the answer similar to ours, but a distinct section provides that a reply shall be necessary when the answer sets up new matter containing a counter-claim, and the decisions allow a reply only when matter is in the answer which entitles the defendant to affirmative relief against the plaintiff, or facts which would be sufficient to constitute a cause of action against the plaintiff. Van Plead, 616, 620, and cases there cited. The California code, before amendment, was the same as ours, and although the decisions on this question are not at present within reach of the court, it seems a reply was held necessary only when the new matter in the answer entitled the defendants to affirmative relief. The answer in this case contained no new matter constituting a counter-claim, or entitling the defendants to affirmative relief, and no replication was necessary. But, on examination of the statement of evidence, it seems to preponderate in favor of the conclusion that the defendants always did allow one hundred inches to flow down to the De Long ditch ; and the special findings of the jury show they so conclude. The plaintiffs' rights, therefore, were not prejudiced by this instruction.

Plaintiffs also rely on exceptions taken to the refusal of

instructions offered by them, giving instructions offered by defendants, instructions given by court and special finding, submitted by the court to the jury. That evidence is insufficient to support verdict, newly-discovered evidence entitling defendants to new trial, and order overruling motion for same.

Several instructions were asked by plaintiffs and refused; some asked by defendants and given, and several given by the court. Upon examining the instructions it is not seen how the jury were misled, or plaintiffs prejudiced by the ruling of the court, except it be in giving the second instruction given by court at request of the defendants, which instructs the jury that the measure of plaintiffs' right to water was the number of inches the De Long ditch would carry through to the place where it is to be used, at the time of defendants' appropriation in the fall of 1866. The measure of plaintiffs' right would be the amount of water the said ditch would convey from said Gold creek without running over its banks, and not the number of inches it might convey to the place to be used, some miles, perhaps, distant. In running some distance to mines, much water might be lost by evaporation and seepage, depending on season of the year and state of the weather; and the amount of water appropriated could only be estimated by measuring it according to miners' measurement, near the head of the ditch, when it was full, or conveying all it had capacity to. But, as the jury specially find, from the evidence, that the ditch was only of the capacity to convey one hundred inches to a claim near by; and, further, that the plaintiffs appropriated but one hundred inches of water of said creek, and the evidence favors the findings, the jury were not misled by this instruction. Courts will not disturb a verdict where there is evidence to support it, or reverse a judgment when, from the whole record, justice appears to have been done. The affidavits of newly-discovered evidence do not show what diligence, or that any, was used to obtain it, and the evidence shown is cumulative.

*Exceptions overruled.*