In the Matter of the Application of ROBERT B. GARDNER, as Administrator, etc., for Leave to Sell Real Estate.

Where one person enters into the employment of another without an express agreement as to the time of service or measure of compensation, in the absence of any proof of usage, it is to be considered as a general hiring; but no agreement can be implied that compensation shall be postponed until the termination of the employment; and where the em- ͏ployment has continued for a long period of time, and there are no mutual accounts between the parties, the statute of limitations is a bar to a claim for more than six years of services in such employment, unless it appear that payments have been made to apply thereon within the six years, in which case a recovery is proper for a period beginning six years prior to the first of said payments,

(Argued October 26, 1886; decided November 23, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made August 24, 1885, which affirmed an order of the surrogate of Tompkins county, denying the application of Robert B. Gardner, as administrator of the estate of Allen B. Gardner, for leave to sell real estate for payment of the debts of his intestate.

The material facts are stated in the opinion.

*George E. Goodrich* and *H. V. Howland* for appellants. The payments made by the intestate were acknowledgments of the indebtedness and sufficient to take the whole claim out of the statute of limitations. (*Davis* v. *Gorton*, 16 N. Y. 255; *Smith* v. *Viele*, 60 id. 106; *Gilbert* v. *Comstock*, 93 id. 484; *Purcell* v. *Fay*, 58 How. 317; 19 Hun, 595; *Rich* v. *Niagara Savings Bk.*, 3 id. 481; *Miller* v. *Talcott*, 46 Barb. 167; *Bowe* v. *Gano*, 9 Hun, 6.) The effect of a part payment in taking a case out of the operation of the statute is not derived from any statutory provision, but results from the decisions of the courts, and depends wholly upon the reason of those decisions. (7 Wait's Law of Actions, etc., 301; *Bethgate* v. *Haskins*, 59 N. Y. 533.) Where there is a long-continued service performed by one person for another, no time of pay-

ment and no fixed period of services being stipulated, and small payments being made from time to time to apply upon the balance due, the services are deemed to be continuous, and a payment made within six years renews the whole claim for the previous services. (*Leitler* v. *Smiley*, 9 Ind. 116; *Sebech* v. *Garritt*, 69 Penn. St. 144; *Zeigler* v. *Hunt*, 1 Mc-Leod, 577; Wood on Limitations, 314.)

*Wm. D. Tuttle* for respondents. Recovery can be had for only six years prior to the payment of April, 1879. (Wood on Master and Servant, 130; *Davis* v. *Gorton*, 16 N. Y. 255; *Green* v. *Adams*, 4 Kern. 225; *Palmer* v. *City of N. Y.*, 2 Sandf. 318; *Edmonstone* v. *Edwards*, 15 Wend. 554; *Kimball* v. *Brown*, 7 id. 332; *Gilbert* v. *Comstock*, 93 N. Y. 487.) Evidence of mere payments of money is not enough without something to connect it with the debt in suit. (*Livermore* v. *Rand*, 26 N. H. 85; *Strawn* v. *Hook*, 25 Penn. St. 391.) If there is a mere naked payment of money without any thing to show on what account or for what reason the money was paid, the payment will be of no avail under the statute. (Wood on Limitations, § 98; *Gilbert* v. *Comstock*, 93 N. Y. 487.) The simple presentation of an account containing credits to the executor is not sufficient. The account should be regularly proved to have the effect of taking the case out of the statute of limitations. (13 Hun, 107.)

DANFORTH, J. The only claim which justified the application was one presented in favor of Lucy C. Gardner, a sister of the deceased, for house-keeping or house-work, and in regard to that the surrogate found that she began to perform valuable services for her brother at his request, and as his servant, on or about November 1, 1843, and continued to perform such services until his death on or about November 1, 1882, a period of thirty-nine years; that they were worth a certain sum per week, varying in amount in different years, and that " to apply on " those services the deceased paid the claimant $2 in the spring of 1879, and $30 in the fall of that year,

" and that he had paid her a little money occasionally," "every few years some," but that " the particular times or amounts of such payments were not stated or shown," and holding as matter of law that the statute of limitations precluded a recovery for any service rendered more than six years before the payment made in the spring of 1879, he gave judgment for the residue only, viz.: for services rendered during six years prior to April 1, 1879, and from that time to the death of the deceased, in all nine years.

In cases of this character there is often great difficulty in getting at the truth so as to adjust fairly the rights of both parties.   But here every question has been settled to their satisfaction, excepting that relating to the application of the statute of limitations.   The effect of that statute is to prevent one who neglects to enforce his right of action upon a contract obligation or liability, whether express or implied, from doing so after the expiration of six years from the time the cause of action accrued.   Here there was no express agreement as to the time or measure of compensation, nor any evidence of usage in respect thereto, and I am unable to find any circumstance to distinguish the claimant's case from that decided by this court in *Davis* v. *Gorton* (16 N. Y. 255), where it was in substance held that a similar indefinite engagement was to be taken as a general hiring, but that the law would not imply an agreement that compensation should be postponed until the termination of the employment, and a judgment which had been rendered on the opposite theory was reversed.   It did not appear in that case that any payments had been made, but in *Gilbert* v. *Comstock* (93 N. Y. 484) that fact was in evidence, and an allowance for six years prior thereto was justified. That circumstance was present in the case at bar, and the same effect has been given to it.

We think the claimant can require nothing more.   In *Smith* v. *Velie* (60 N. Y. 106), on which case the appellant relies, there were open mutual accounts between the parties, and while that condition of things continued the statute was no bar, for if the last item is within six years, it draws after it items

beyond that period.  In the absence of an express agreement as to time of payment, the law will no doubt presume that the parties contracted in reference to the usage prevailing in respect thereto in the kind of employment in question, and when shown, it would be taken into account; but here, as before suggested, none is proven.  The witnesses, indeed, estimate the value of the services at a certain sum per week, and from that it might perhaps be inferred that weekly payments were usual in such cases, but, however that may be, both reason and authority repel the implication that under such a general contract as the present, payment was intended to be delayed until the end of service.  We think, therefore, that the appeal fails and the judgment should be affirmed.

All concur.

Judgment affirmed.