[No. 4607.]

## Brown v. Bilton.

**1.　Bills and Notes—Pleading.**

　　The complaint in an action on a promissory note set out in full and held good.

**2.　Same—Payments.**

　　In an action upon a promissory note on which payments have been made, a complaint which alleges the execution and delivery of the note for a certain sum with interest at a given rate from a certain date until paid, setting out a copy of the note, and alleges that no part of the note has been paid except certain sums giving dates and amounts of payments, alleges a perfect cause of action and a motion to require the complaint to be made more certain and a demurrer were properly overruled notwithstanding the prayer was for a judgment for the face of the note with interest less the sum of the payments without naming the dates of the payments in the prayer.

*Error to the County Court of Lake County: Hon. R. D. McLeod, Judge.*

Action on promissory note. The complaint reads :

"Plaintiff complains of defendant and for cause of action alleges :

"First. That the amount involved in this action does not exceed the sum of two thousand dollars ($2,000).

"Second. That on December 16, 1892, at to wit Lake county, state of Colorado, the defendant herein made and delivered to this plaintiff his promissory note for the sum of seven hundred and forty-three dollars and fourteen cents, payable three days after date with interest at 1 per cent. per month from date until paid.

"Third. That said note was in words and figures as follows, to wit:

"$743.14    Leadville, Colo., Dec. 16th, 1892.

"Three days after date I promise to pay to the order of W. W. Bilton the sum of seven hundred and forty-three dollars and fourteen cents at Leadville, Colo., with interest at one per cent. per month from date until paid. Value received.

"W. C. Brown.

"Fourth. That defendant has not paid said note nor any part thereof except that on November 14, 1895, he did pay the sum of one hundred and twenty-seven dollars and ten cents and on October 1, 1896, he did pay the further sum of forty-two dollars.

"That demand on defendant has been made for payment but he utterly fails and refuses to pay the same.

"Wherefore plaintiff prays judgment in the sum of seven hundred and forty-three dollars and fourteen cents with interest thereon at one per cent. per month from December 16th, 1892, less the sum of one hundred and sixty-nine dollars and ten cents; for costs of suit, and for such other and further relief as this court may deem just and proper."

Mr. A. J. Sterling, for plaintiff in error.

Mr. Joseph W. Clarke, for defendant in error.

Mr. Justice Campbell delivered the opinion of the court.

The defendant filed a motion to have the complaint made more certain, in which the request was for a rule on plaintiff to state the several credits on the note with their respective dates, the amount for which judgment is demanded, and when the interest on the demand commences to run and is to be computed. At the same time a demurrer was filed upon the general ground that the complaint did not state facts sufficient to constitute a cause of action, and the specific ground that the complaint was uncertain and ambiguous in the particulars, which are, in legal effect, the same as those set out in the motion. The court overruled both the motion and demurrer, and the defendant having failed to answer within the time prescribed by rule, his default was entered, proofs were heard and judgment in plaintiff's favor rendered for $1,448.25 and costs, and the defendant is here with his writ of error.

The complaint, which we have copied, speaks for itself. In all substantial respects it is as good as the complaint in the case of *Rhodes v. Hutchins,* 10 Colo. 258, which was sustained by this court.

It is first objected that the complaint does not state what became of the two payments made on the note. The averment is that they were made and credit therefor given. That is enough for defendant to know. It is no concern of his what disposition plaintiff made of the money, provided he got credit for it, as he did, in reckoning the balance due.

The prayer of the complaint is criticised because the plaintiff prays for judgment for the face value or principal of the note, together with interest less the sum of $169.10, without naming the dates of payments. It is not necessary that such statements be in the prayer. They already appeared in the body of the pleading. Indeed, the prayer is no part of the complaint, so far as any question raised here is

concerned. The complaint alleges the execution and delivery by the defendant to the plaintiff of a note for a certain sum bearing interest at a given rate from a certain date until paid, and a copy of the note is inserted. Then follows an allegation that no part of the note has been paid except two certain sums. The time and amount of each payment are given. Demand and refusal are alleged. A perfect cause of action is here pleaded. From these allegations there is no difficulty whatever in ascertaining by mathematical computation the amount due at the time of the trial.

There was no error in the record, and judgment is therefore affirmed.          *Affirmed.*

CHIEF JUSTICE GABBERT and MR. JUSTICE STEELE concur.