RAY ET AL., APPELLANTS, v. DIVERS ET AL., RESPONDENTS.

(No. 5,616.)

(Submitted February 18, 1925.  Decided March 12, 1925.)

[234 Pac. 246.]

*Real     Property—Sale—Fraud—Complaint—Sufficiency—Infer-
ences—Copy of Instrument—When not Part of Pleading.*

Complaint—Sufficiency—Demurrer—Rule of Construction—Inferences.
   1.   Where the sufficiency of the complaint is attacked by de-
murrer the question for determination is whether the pleading
states a cause of action upon any admissible theory; and in de-
termining the question the allegations made must be construed
liberally and whatever is necessarily implied in or can be reason-
ably inferred from them must be treated as directly averred.

Real Property—Sale—Fraud—Complaint—Allegation of Performance by
   Vendee not Required.
   2.   An action for damages for fraud practiced upon a buyer of
land is one in tort and not one upon contract; hence plaintiff was
not required to plead that he had fully performed all the terms
and conditions to be by him kept and performed under the contract
of purchase.

Pleading—Copy of Contract Attached to Complaint but not Referred
   to not Part of Pleading.
   3.   A copy of a document (contract) attached to the complaint
but not referred to therein is not a part of it and cannot be used
to aid or detract from the allegations made in the pleading.

Fraud—Pleading—Essentials.
   4.   To state a cause of action, or defense, for fraud in procuring
a contract of sale to be made, the pleading must allege that certain
representations upon a material matter relating to a fact, as dis-
tinguished from the expression of an opinion, were made, which
the purchaser had a right to rely upon; that they were false; that
he believed them to be true and relied upon them, was induced
thereby to make the purchase and in consequence thereof was
injured.

Same—Sale of Real Property—When Vendee Justified in Relying upon
   Representations Made by Vendor.
   5.   Whenever in an action for fraud in making a sale it is made
to appear that alleged false statements of the seller formed a part
of and were essentially connected with the substance of the trans-
action and concerned matters within the knowledge of the seller,
as distinguished from mere expressions of opinion or dealer's talk,
the purchaser had a right to rely upon them.

*Appeal from District Court, Judith Basin County; Rudolf
Von Tobel, Judge.*

72 Mont.—33

ACTION by Charles O. Ray and another against Leonard B. Divers and another. Judgment for defendants and plaintiffs appeal. Reversed.

Cause submitted on briefs of Counsel.

*Messrs. Cheadle & Cheadle,* for Appellants.

The court erred in sustaining defendants'˙ demurrer to the complaint. (See *Simonson* v. *Barth,* 64 Mont. 95, 208 Pac. 938; *Rumney* v. *Skinner,* 64 Mont. 75, 208 Pac. 895; *Rickards* v. *Aultman etc. Co.,* 64 Mont. 394, 210 Pac. 82; *Grant* v. *Nihill,* 64 Mont. 420, 210 Pac. 914; *Adams* v. *Durfee,* 67 Mont. 315, 215 Pac. 664; *Griffin* v. *Chicago etc. Ry. Co.,* 67 Mont. 386, 216 Pac. 765; *Stiemke* v. *Jankovich,* 68 Mont. 60, 217 Pac. 650.)

*Mr. W. M. Blackford,* for Respondents.

We contend that the complaint is wholly insufficient, and the charges therein made do not constitute actionable fraud. (*Ott* v. *Pace,* 43 Mont. 82, 115 Pac. 37; *Butte Hardware Co.* v. *Knox,* 28 Mont. 111, 72 Pac. 301.)

Appellants allege that they have been continuously in possession of the premises agreed to be conveyed ever since about the fifth day of July, 1918. If this be true, then they have had the benefits of possession and occupancy and the crops grown thereon, and have occupied the premises with full knowledge of the alleged insufficiency of the water rights to irrigate the lands susceptible of irrigation ever since the summer of 1918. "A voluntary acceptance of the benefits of a transaction is equivalent to a consent to all the obligation arising from it, so far as the facts are known or ought to be known to the person accepting." (Sec. 7497, Rev. Codes 1921.) Could it be said that any actionable fraud is chargeable in the complaint to respondents in this action, then appellants have by their acts approved the contract and waived

the fraud. (*McConnell* v. *Blackley,* 66 Mont. 510, 514, 214 Pac. 64; *Ott* v. *Pace,* 43 Mont. 82, 83, 115 Pac. 37; *Ruhl* v. *Mott,* 120 Cal. 668, 53 Pac. 304.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In the complaint herein the plaintiffs allege that they entered into a contract with the defendants whereby defendants agreed to sell to plaintiffs, and plaintiffs agreed to purchase from defendants, 440 acres of land particularly described, together with the appurtenant water rights; that plaintiffs went into possession of the premises, have continued in possession, and have paid $11,935 on the purchase price; that, at the time the contract was made, defendants represented to plaintiffs that there were appurtenant to the lands two water rights, one an appropriation of 125 inches, of date May 10, 1881, and one of 140 inches, of date April 30, 1883; that these appropriations furnished ample water to successfully irrigate 200 acres of the lands contracted to be sold; that plaintiffs believed these representations to be true, relied upon them, and were thereby induced to enter into the contract; that the representations were false, and were known to be false by the defendants at the time they were made; that the water rights so appurtenant to the lands do not provide water sufficient to irrigate to exceed one-fourth of the 200 acres which require irrigation; that the lands with the water rights which are available are worth $7,500 less than they would be worth with water rights sufficient to irrigate 200 acres thereof; and that, by reason of the false and fraudulent representations so made by defendants, the plaintiffs have been damaged.

The trial court sustained a demurrer to this complaint, and plaintiffs, electing to stand by their pleading, suffered a judgment of dismissal to be rendered and entered against them and appealed.

From the record alone we would be at a loss to understand [1, 2] the theory upon which the trial court proceeded, but it is evidently disclosed in the brief of counsel for defendants, wherein the contention is advanced that the complaint fails to state a cause of action because it fails to disclose that plaintiffs have fully performed all the terms and conditions of the contract by them to be kept or performed, and in support of this contention reference is made to section 7405, Revised Codes, and to cases applying the doctrine of that section. Section 7405 provides: "Before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself; and must be able and offer to fulfill all conditions concurrent so imposed upon him on the like fulfillment by the other party, except as provided by the next section."

Counsel is in error, and the trial court evidently committed the same error, in assuming that this is an action upon the contract. Plaintiffs are not invoking the aid of the court to procure the defendants to perform any provision of the agreement, and the authorities cited have no application. The grounds of the special demurrer stated would be available if defendant's theory was correct, but, since the theory is erroneous, the special demurrer fails. The question before the trial court was, and the question before this court is: Does the complaint state a cause of action upon any admissible theory (*Adams* v. *Durfee,* 67 Mont. 315, 215 Pac. 664), and to answer that question the allegations must be construed liberally (sec. 9164, Rev. Codes), and whatever is necessarily implied in, or can be reasonably inferred from, them, is to be treated as averred directly. (*Grant* v. *Nihill,* 64 Mont. 420, 210 Pac. 914.)

. While a copy of the contract is attached to the complaint, no [3] reference to it whatever is made in the pleading; hence it is not a part of the pleading and cannot be used to aid or detract from the allegations which are made.

The essential elements which enter into a cause of action
**[4]** or defense for fraud in procuring a contract to be made
have been stated so often by this court that no one ought
now to be in doubt upon the subject. In *Butte Hardware Co.*
v. *Knox,* 28 Mont. 111, 72 Pac. 301, those elements were said
to be (a) that certain representations were made by the seller,
(b) which the purchaser had a right to rely upon; (c) that
the representations were false; (d) that the purchaser believed
them to be true; (e) that he relied upon them, (f) was induced
thereby to make the purchase, and (g) in consequence thereof
was injured. Generally the representations must relate to a
fact, as distinguished from the expression of an opinion
(*Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601), though an
exception to that rule is illustrated in *Como Orchard Co.* v.
*Markham,* 54 Mont. 438, 171 Pac. 274, and, of course, the rep-
resentations must be made with respect to a material matter;
that is, one which affects the complaining party in a substan-
tial degree. (*Healy* v. *Ginoff,* 69 Mont. 116, 220 Pac. 539).
All of these elements are fully comprehended in the more gen-
eral terms: Representation, falsity, *scienter,* deception and in-
jury. (*Connelly Co.* v. *Schlueter Bros.,* 69 Mont. 65, 220
Pac. 103.)

Tested by these rules, the pleading contains every essential
allegation of a complaint for damages for fraud: (a) It sets
forth that certain representations were made concerning the
capacity of the water rights appurtenant to the lands to be sold.
These representations related to an existing fact, as distin-
guished from mere expression of opinion (*Connelly Co.* v.
*Schlueter Bros.,* above) and were material in that they affected
the value of the premises to the extent of $7,500. (b) The
defendants were the owners of the premises, hence must have
known the extent to which the waters represented by their
appropriations were actually available for irrigation purposes.
It is the rule that "whenever it is made to appear that the
**[5]** statements of the seller form a part of, or are essentially

connected with, the substance of the transaction as distinguished from mere expressions of opinion, commendation, or dealer's talk, and concern matters which from their nature or situation may be assumed to be within the knowledge of the seller, then it is made to appear that the purchaser had a right to rely upon them.'' (*Connelly Co.* v. *Schleuter Bros.,* above.) (c) It is distinctly alleged that the representations were false, the particulars in which they were false, and that they were known to be false by the defendants at the time they were made; (d) that the plaintiffs believed them to be true; (e) that they relied upon them, (f) were induced by them to enter into the contract, and (g) by reason thereof were injured. We have, then, present: Representations, their falsity, *scienter,* deception, and injury. Hence the complaint states a cause of action but a cause of action for a tort, and not one for a breach of or to enforce a contract.

The judgment is reversed, with directions to set aside the order sustaining the demurrer and to enter an order overruling it.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES STARK and MATTHEWS and HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.