RAY ET AL., APPELLANTS, *v.* DIVERS ET AL., RESPONDENTS.

(No. 6,259.)

(Submitted February 13, 1928. Decided February 24, 1928.)

[264 Pac. 673.]

*Fraud—Sale of Land—Statute of Limitations—"Discovery" of Facts—Burden of Proof.*

Fraud—Limitation of Actions—Accrual of Cause of Action—Discovery of Facts—Burden of Proof on Plaintiff.
1. Under section 9027, Revised Codes 1921, providing a limitation of two years for an action based on fraud, but that the cause of action shall not be deemed to have accrued until discovery by the aggrieved party of the facts constituting the fraud,

1. See 16 Cal. Jur. 499; 16 Cal. Jur. 624; 17 R. C. L. 857, 1000.

the limitation begins to run from the time the right of action accrues, but the cause of action is not deemed to have accrued until discovery of the alleged fraud, and where plaintiff relies upon the exception he must prove the facts entitling him to its benefit.

Same—"Discovery" of Facts—Question of Law—When Knowledge of Facts Presumed.

2. The word "discovery" in the above statute implies that the facts incident to the alleged fraud were concealed from plaintiff; if the acts of fraud were committed under such circumstances that he must be presumed to have had knowledge of them or the circumstances were such as to put him on inquiry which, if followed, would have led him to knowledge, he will be deemed to have had actual knowledge, and whether there has been a discovery of the facts constituting the fraud is a question of law to be determined by the court from the facts proved.

Same—Sale of Land—Statute of Limitations—When Plaintiff Chargeable With Knowledge of Facts Incident to Alleged Fraud.

3. Where, in an action by the purchaser of agricultural lands to recover damages for alleged fraudulent representations made by the vendor at the time of the sale relative to appurtenant water rights, the evidence showed that plaintiff was conversant with land values, irrigated and nonirrigated, in the neighborhood, worked the land for four years without complaint as to the water available, during that time making payments on the contract, the court properly entered judgment of nonsuit, the action, not brought until five years after purchase, having been barred under the provisions of section 9027, Revised Codes 1921, it being apparent that more than two years had elapsed from the time plaintiff was chargeable with knowledge of the true facts incident to the alleged fraud.  (See pars. 1, 2, supra.)

---

[1, 2] Limitations of Actions, 37 C. J., sec. 299, p. 929, n. 1; sec. 309, p. 939, n. 2; sec. 772, p. 1246, n. 87, 88; sec. 785, p. 1255, n. 61.
[3] Limitations of Actions, 37 C. J., sec. 780, p. 1251, n. 91; sec. 790, p. 1257, n. 3.

*Appeal from District Court, Judith Basin County; Edgar J. Baker, Judge.*

Action by Charles O. Ray and wife against Leonard B. Divers and wife. Judgment for defendants and plaintiffs appeal. Affirmed.

*Messrs. Cheadle & Cheadle,* for Appellants, submitted a brief; *Mr. E. K. Cheadle* argued the cause orally.

---

2.  See 16 Cal. Jur. 501; 17 R. C. L. 860.

*Mr. Wm. M. Blackford* and *Mr. Ralph J. Anderson,* for Respondents, submitted a brief; *Mr. Anderson* argued the cause orally.

This court has held in an action based upon fraud, that whether or not it is incumbent upon the plaintiff to plead that his action was brought within two years after the discovery of fraud, it is necessary for him to allege the facts constituting the discovery, and it is a question for the court to determine as to whether or not, as a matter of law, the fraud was discovered at the time claimed, or some prior date thereto. (*Kerrigan* v. *O'Meara,* 71 Mont. 1, 227 Pac. 819.)

Where a vendee purchases land and enters into the possession thereof, and irrigates the same, it is held that he has discovered the fraud at the end of the first year of his occupancy of the lands in cases where false representations are claimed as to the amount of water available for irrigation. (*Healy* v. *Ginnoff,* 69 Mont. 116, 220 Pac. 539; *Trail* v. *Firth,* 186 Cal. 68, 198 Pac. 1033.)

Applying these rules of law to the facts in this case, as disclosed by the plaintiffs' own testimony, the fraud, if any, was discovered at the close of the year 1919, and this action was not commenced until in the year 1923. In other words, a period of three years and some seven months intervened between the discovery of the fraud and the commencement of this action. Under the proof in this case, the action was barred by the statute of limitations.

MR. JUSTICE GALEN delivered the opinion of the court.

On August 23, 1923, this action was instituted by the plaintiffs to recover the sum of $12,500 damages because of alleged fraudulent misrepresentations made by the defendants, relied upon by the plaintiffs in the purchase of certain agricultural lands in Judith Basin county. On a former appeal the sufficiency of the complaint was sustained. (*Ray* v. *Divers,* 72 Mont. 513, 234 Pac. 246.) Subsequently, upon issue joined by

answer and reply, the cause was tried to the court sitting with a jury. At the conclusion of all the evidence offered by the plaintiffs in support of their complaint a motion for nonsuit was made by the defendants and by the court sustained. Judgment was entered accordingly, and this appeal is from the judgment.

The plaintiffs' assignments of error relate to the sufficiency of the evidence to make out a prima facie case, and alleged errors committed by the trial court in its rulings upon the admissibility of evidence. As, in our opinion, the court committed no error in the exclusion of evidence, of which the plaintiffs make complaint, we will confine our discussion, in determination of this appeal, to the testimony before the court.

Among other defenses, the defendants in their answer plead the statute of limitations. It appears that the plaintiff Charles O. Ray was acquainted with lands lying along the Judith River, and crops produced thereon since the year 1906. He had had many years' experience with lands and land values in the community, both irrigated and nonirrigated, and in July, 1918, was engaged in the real estate brokerage business at the town of Hobson and had been there engaged in such business for about two and one-half years. The defendant Leonard B. Divers, who then resided at Kalispell in Flathead county, and who owned the lands in controversy, comprising 440 acres located about ten and one-half or eleven miles from Hobson in Judith Basin county, listed them for sale with the plaintiff Charles O. Ray in the early spring of 1918. Thereafter Mr. Ray "showed the lands to prospective purchasers several times," and "on three occasions" he exhibited the land to a man whom he "figured taking into partnership in the purchase" thereof. They walked over about half of the land, "over half of the forties" and examined all of the ditches, and later on he again visited the premises alone. Subsequently, about the 1st of July, 1918, the plaintiff Charles O. Ray, accompanied by the defendant Leonard B. Divers, went upon the land, as the former then contemplated purchasing it. A tenant was in possession of the land at that time and had it

under cultivation. They went over the land and made examination of the water ditches thereon, and Mr. Divers represented to Mr. Ray that he had a decreed water right for 140 inches of water from the Judith River as of appropriation date 1883, and an earlier right also adjudicated from the same stream of 125 inches, and that there was sufficient water from the first right mentioned by use of the ditch diverting the same to irrigate "about 200 acres of land lying under the ditch"; and that the ditch conveying the earlier right had not been used for years but could easily be put in repair. There is no evidence in the record proving or tending to prove that such representations as to water rights were false, and the reply admits that prior to the execution of the contract, water rights had been decreed to Divers from the Judith River appurtenant to the land, 125 inches as of date May 10, 1881, and 140 inches as of date April 30, 1883.

On July 18, 1918, the plaintiffs entered into a written contract with the defendants for the purchase of the land for the sum of $28,400, payable in annual installments, together with interest at six per cent, the last payment to be made on or before December 31, 1928. Among other things the defendants agreed "to provide an abstract of title of the water rights enjoyed in connection with the said lands," and the lease of the lands to the tenant in possession was to be assigned to plaintiffs. From the date of the execution of the contract the plaintiffs were entitled to the possession of the land, and were in fact in possession through the occupancy of the tenant and entitled to the rents and profits for the year 1918, and they were advised by the tenant that there was not a sufficient supply of water to irrigate the land. They actually moved upon the lands in the fall of 1918, and personally began farming operations on the land in the spring of 1919. They lived upon the land and cultivated it during the years 1919, 1920 and 1921, during which years they made payments under the contract, the last of which payments was made on September 24, 1924, at which time the aggregate amount paid in install-

ments was the sum of $11,935, about $10,000 of which was on principal and the balance representing interest. Such cultivation of the land continued, and payments were made on the contract by the plaintiffs, although Mr. Ray stated that when he personally irrigated the land in 1919, he discovered for himself there was a shortage of water. The plaintiffs having failed and neglected to make any further payments or to pay the taxes due upon the land for the year 1921 as agreed, the defendants, pursuant to the terms of the contract, on or about January 15, 1922, served the plaintiffs with a written notice of forfeiture of the contract, and on March 16, 1922, filed for record and recorded a notice of forfeiture of the contract. Notwithstanding, the plaintiffs continued in possession of the lands until the late fall of 1922, or the early winter of 1923, when they abandoned the premises, and the defendants became repossessed thereof on or about March 1, 1923.

Up to the time the plaintiffs departed from the land they had made no complaint respecting any misrepresentations made by the defendants as to the water rights available for the irrigation of the land, and the only evidence introduced is to the effect that in the years 1918, 1919, 1920, and 1921, there was not sufficient water to irrigate 200 acres and that in those years the crops grown were poor. On March 11, 1922, after the plaintiffs had been served with notice of the termination of the contract for breach of its provisions, according to the terms thereof, the plaintiffs commenced an action in the district court of Judith Basin county "wherein the plaintiffs herein were plaintiffs therein and the defendants herein were defendants therein, * * * upon a cause of action on the rescission of said contract by said plaintiffs for the recovery of the moneys paid by plaintiffs to defendants on account of the purchase price of the premises described in said contract and for interest and damages based upon the same or similar allegations of alleged fraud as set forth in the complaint in this action," which action went to final judgment in favor of the defendants upon the dismissal of plaintiffs' appeal to this court on their motion.

The motion for nonsuit was based upon several grounds which appear to be possessed of merit. However, only one question thereby presented need be considered in disposition of this appeal, viz., Is the action barred by the statute of limitations?

Section 9027, Revised Codes 1921, provides: All "periods [1, 2] prescribed for the commencement of actions, other than for the recovery of real property, are as follows: * * * Section 9033. Two year limitation. Within two years. * * * 4. An action for relief on the ground of fraud or mistake, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

Under this statute the settled rule is that the statute begins to run from the time the right of action accrues, but the cause of action is not deemed to have accrued until discovery of the alleged fraud. It is intended to protect a party who is in ignorance of his rights, until the alleged fraud perpetrated has been by him discovered, and whether it is necessary to plead facts tolling the statute, they must be proved. (*Kerrigan* v. *O'Meara,* 71 Mont. 1, 227 Pac. 819.)

In the case above cited, Mr. Chief Justice Callaway, speaking for this court, made correct interpretation of the statute as follows: "The word 'discovery,' as used implies that the facts have been concealed from the party relying upon the exception. 'Discovery' and 'knowledge' are not convertible terms, and whether there has been a discovery of the facts constituting the fraud within the meaning of the statute is a question of law to be determined from the facts proved. It is not enough for the plaintiff merely to say that he was ignorant of the facts at the time of their occurrence, and has not come into knowledge of them until within two years. 'He must show that the acts of fraud were committed under such circumstances that he would not be presumed to have knowledge of them, it being the rule that if he has notice or information of circumstances which would put him on inquiry which if followed

would lead to knowledge, or that the facts were presumptively within his knowledge, he will be deemed to have had actual knowledge of the facts.' (*Davis* v. *Hibernia S. & L. Society,* 21 Cal. App. 444, 132 Pac. 462; *Lady Washington C. Co.* v. *Wood,* 113 Cal. 482, 45 Pac. 809; *Truett* v. *Onderdonk,* 120 Cal. 581, 53 Pac. 26.) The plaintiff must show when the fraud or concealment was discovered, and the circumstances of the discovery must be shown, so the court may see whether by ordinary diligence it might not have been made before. (*Wood* v. *Carpenter,* 11 Otto, 135, 25 L. Ed. 807 [see, also, Rose's U. S. Notes]; *Stone* v. *Brown,* 116 Ind. 78, 18 N. E. 392; *Lady Washington C. Co.* v. *Wood,* supra; *People ex rel. Post* v. *San Joaquin & A. Assn.,* 151 Cal. 797, 91 Pac. 740.)''

We consider that decision as controlling on this appeal, and [3] reiterate such declaration of the law in application of the statute. Accordingly, it is manifest from the facts that when this action was instituted the plaintiffs' right of action, if any existed, was barred, more than two years having elapsed from the time they are chargeable with knowledge of the true facts.

It must be held that the plaintiffs at least became conversant with the exact condition after their first year of occupancy of the lands in 1919 (*Healy* v. *Ginoff,* 69 Mont. 116, 220 Pac. 539), if indeed they were not fully advised in 1918. Their continuance in cultivation of the land and in making payments on the contract of purchase could not have been done by them in ignorance of the facts. (*Ott* v. *Pace,* 43 Mont. 82, 115 Pac. 37; *Healy* v. *Ginoff,* supra.)

Since it was apparent that the plaintiffs' right of action was barred by the statute of limitations, it was the duty of the court to grant the motion for a nonsuit (*City of Butte* v. *Goodwin,* 47 Mont. 155, Ann. Cas. 1914C, 1012, 134 Pac. 670), and therefore the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and MATTHEWS concur.