GIRSON, Respondent, *v.* GIRSON, Admx., Appellant.

(No. 8,155.)

(Submitted April 24, 1941. Decided June 6, 1941.)

[114 Pac. (2d) 274.]

184

*Mr. Howard Toole, Mr. W. T. Boone, Mr. Jack Rimel* and *Messrs. Pope & Smith,* for Appellant, submitted a brief; *Mr. Russell E. Smith* argued the cause orally.

*Mr. Dwight N. Mason,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendant from a judgment entered on a verdict for the plaintiff in the sum of $1,802.37, being the exact amount demanded in the complaint. The complaint alleges that the plaintiff worked for the defendant under a contract of employment for the period from August 15, 1931, to May 31, 1937, and that the plaintiff earned $8,687 and was paid only $6,884.63, leaving a balance due of $1,802.37. The defendant denied that such amount was earned or that any additional amount is due and owing. In addition he pleaded the bar of subdivision 1 of section 9030, Revised Codes. That section is a five-year statute of limitations and defendant contends it bars all indebtedness ac-

cruing prior to January 28, 1935. The plaintiff put the statute of limitations in issue by a general denial in his reply.

The evidence shows that the plaintiff is a brother of the defendant and that he came to this country from Russia in the early twenties. He went to work as a jeweler and repairman on his arrival and worked continuously for the defendant until September 30, 1939. According to the plaintiff's testimony, and from the bill of particulars filed by the plaintiff, the defendant became delinquent in paying the agreed amount starting August 15, 1931, and continuing until May 31, 1937. After May 31, 1937, the plaintiff was paid the full amount accruing each week, the payments having been made by the defendant's wife.

The main contention made by the defendant is that the plaintiff, under a general denial in the reply, could not submit evidence of, and was not entitled to instructions involving, matters of avoidance of the bar of the statute of limitations, but that such matters must be specially pleaded. This is unquestionably the general rule subject to some exceptions. (See annotation 115 A. L. R. 755, and compare *Matteson* v. *Ackerson,* 104 Mont. 239, 66 Pac. (2d) 797, 115 A. L. R. 750; *Bahn* v. *Estate of Fritz,* 92 Mont. 84, 10 Pac. (2d) 1061; *Kerrigan* v. *O'Meara,* 71 Mont. 1, 227 Pac. 819; *Ray* v. *Divers,* 81 Mont. 552, 264 Pac. 673.) However, as we view this case, that question is not controlling.

In the complaint the plaintiff claimed an amount which was alleged to be due and owing. The defendant in his answer pleads that most of the items going to make up the cause of action accrued more than five years prior to the commencement of the action and are thus barred. The reply denies the applicability of the statute of limitations. The burden of proving that the cause of action or some part of it was barred by the statute of limitations was on the defendant. (*Williams* v. *Hilger,* 77 Mont. 399, 251 Pac. 524; *Bielenberg* v. *Higgins,* 85 Mont. 56, 277 Pac. 631; *Stagg* v. *Stagg,* 90 Mont. 180, 300 Pac. 539.)

From the pleadings the court could not determine as a matter of law that the cause of action or any part of it was barred.

The complaint alleged services covering a period of time prior to five years before the commencement of the action, but the complaint also alleged partial payments made each year throughout the entire period. The amount remaining unpaid might have been for services rendered within the five-year period immediately preceding the commencement of the action. Consequently it was a question of fact whether sums due for services before the five-year period preceding the commencement of the action were yet unpaid, and if so whether they were revived by partial payments.

The evidence is conflicting but there is substantial evidence to show that the plaintiff was entitled to a certain agreed weekly wage, varying at times but definite in amount. The payments made were usually in the sum of $50 or $100. Some months only one payment, and some months two payments were made. There were also small items of merchandise credited as payments. From the disparity in the amounts claimed to be earned weekly and the amounts paid, it is evident that the payments were not intended to pay the precise amount earned each week, or each month.

The court should have found, as a matter of law, at the conclusion of all the evidence, and should have so instructed the jury, that neither the cause of action nor any part thereof was barred by the statute of limitations. This follows from the fact that the record fails to show any direction on the part of defendant nor any determination by plaintiff as to how the payments made should be applied.

In order for defendant to sustain the burden of proof that the cause of action or any part of it was barred, it was incumbent upon him to show that the partial payments were applied upon the items of services last accruing rather than the oldest indebtedness or ratably on all past-due items. There is no presumption that the payments were made for the services last accruing. (Compare sec. 7430, Rev. Codes.)

If the payments were applied on the items first maturing the payments made paid the indebtedness up to about January,

1936. Therefore, the balance being sued for accruing thereafter, the statute of limitations pleaded would not bar recovery. On the other hand, if the payments were applied ratably, they would revive the entire past-due account not barred at the time of the first payment. (Compare *Gilbert* v. *Comstock,* 93 N. Y. 484; *In re Gardner,* 103 N. Y. 533, 9 N. E. 306, and *Smith* v. *Velie,* 60 N. Y. 106.) This is true whether the indebtedness be regarded as an open account or not. Here no part of the account was barred when the first payment was made, and all subsequent payments were made before five years had elapsed since the last preceding payment was made. In consequence no part of the claim was barred by the statute of limitations if the payments were applied ratably. Defendant, having failed to prove that the payments were directed to be applied on the last maturing items, failed to sustain the burden of proof that the cause of action, or any part thereof, was or is barred.

The next point urged by the defendant involves the instructions given to the jury. The court instructed the jury relative to the statute of limitations pleaded by the defendant. In addition, the court gave an instruction as to the matter which would toll the statute if it did apply. Under the issues made by the pleadings and the evidence these instructions were erroneously given. The court should have instructed the jury as a matter of law that no part of plaintiff's claim was barred. The question before us is whether the giving of these instructions constituted error of sufficient consequence to have prejudiced the defendant requiring the granting of a new trial. We cannot so view the matter. The jury found that the plaintiff had not received the amount to which he was entitled and allowed recovery of the balance due him. That was the only real issue in the case, and that issue has been resolved by the jury. The pleadings and the evidence amply support the verdict. The verdict is clearly warranted by the evidence and we will not interfere with it on account of errors in instructions not affecting any substantial right of defendant. (*Caruthers* v. *Pemberton,* 1 Mont. 111; *Fayle* v. *Camden Fire Ins. Assn.,* 85 Mont.

248, 278 Pac. 509; *Cashin* v. *Northern Pac. Ry. Co.*, 96 Mont. 92, 28 Pac. (2d) 862.)

Defendant assigns error in admitting in evidence plaintiff's bill of particulars showing the account as kept by him. There was evidence offered by plaintiff, aside from the bill of particulars, showing the facts stated in it, and hence, if the bill of particulars was not properly admitted in evidence, it ·was harmless error.

Defendant also assigns error in the admission of certain other evidence over his objection. We have given consideration to these assignments of error relied upon by defendant, but find that the evidence complained of was properly admitted. Other assignments of error have been considered, but we find no prejudicial error in the record.

The defendant further contends that the court erred in entering judgment for costs without giving him the five days allowed by section 9803, Revised Codes, in which to object to the cost bill. This contention is meritorious.

The judgment should be modified by awarding as costs such sum as will be found proper after the cost bill has been settled in the statutory manner. As thus modified, the judgment will stand affirmed.

Respondent will recover his costs on this appeal.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.

Rehearing denied June 18, 1941.