MERCER, RESPONDENT, v. MERCER, APPELLANT.

No. 8709

Submitted April 1, 1947. Decided May 2, 1947.

180 Pac. (2d) 248

Mr. Ralph L. Arnold, of Missoula, for appellant. Mr. Arnold argued the cause orally.

Mr. Oskar O. Lympus, of Missoula, for respondent. Mr. Lympus argued the cause orally.

MR. JUSTICE METCALF delivered the opinion of the court.

The complaint herein set forth five separate causes of action, in each of which the plaintiff, R. D. Mercer, alleged that he was the owner and holder of a note given by the defendant, Sam Mercer, for $1,000. In the first cause of action the note was dated May 1, 1930, payable one year after date with interest at the rate of eight per cent. per annum until paid. The note pro-

vided that interest was to be paid annually and any installment of interest not punctually paid when due was to become a part of the principal and thereafter bear the same rate of interest as the principal. In the second, third and fourth causes of action, the notes were for the same amount and in similar terms except that they were payable two, three and four years after date respectively and that the clause providing for interest payment had not been completed as to the time by which the rate was calculated so that the note read, "Interest to be paid————." In the fifth cause of action the note was dated November 1, 1930, and payable one year after date. In all other respects it was like the notes in the second, third and fourth causes of action.

The notes were copied into the complaint in their entirety. The complaint further alleged that from July 1, 1935, a sum of $10 per month on each note had been paid, to and including the month of June, 1944, making total payments on each note the sum of $1,080; that there was due and owing the principal sum of $1,000 on each note, together with interest, less the sum of $1,080, which had been paid. Defendant, Sam Mercer, in his answer, admitted the execution of the notes and interposed several defenses, the only one of which is involved in this appeal was that the notes were barred by section 9029, Revised Codes of Montana, 1935. He further alleged that no payments had ever been made on the notes and that any credits given him for payment of principal or interest were voluntary on the part of the plaintiff, had been credited to him without his knowledge or authority and were therefore ineffectual in preventing the bar of the statute of limitations.

The cause was tried before a jury and it was stipulated that the jury should return a general verdict stating the aggregate amount due on the five notes if the finding was for the plaintiff. The jury found for the plaintiff in the sum of $8,286.15. Judgment was issued accordingly for that amount and costs.

The first question raised by this appeal is whether the notes were barred by the statute of limitations.

Plaintiff testified that in 1935 nothing had been paid on the

notes. He consulted his attorney to find out how long the notes "could run without any payment and still be alive." He was advised that the notes would be barred by the statute of limitations in eight years. He then went to the defendant and told him "you will have to either pay these notes or pay some interest on them." The plaintiff testified that defendant said he was unable to pay the notes but "I have got that vacant building up there, and you know how to run saloons. Why don't you take that at $50.00 a month? I will give you the whole lot (there was really four buildings) for $50.00 a month, and you take that for interest, and that will just about hold the notes to where they are." The plaintiff accepted that proposition, entered into possession of the property and thereafter plaintiff credited $10 a month to each of the five notes from the time he took the lease on these buildings until 1944 when the lease was terminated. This evidence was corroborated by other witnesses and was supported by income tax returns and accounts kept by the plaintiff.

The statute of limitations relied upon, section 9029, Revised Codes, provides that an action must be commenced within eight years "upon any contract, obligation, or liability, founded upon an instrument in writing." However, a payment of principal or interest "is equivalent to a new promise in writing, duly signed, to pay the residue of the debt." Sec. 9062. Such payment of principal or interest extends the time for the commencement of the action from the date of the last payment. Parchen v. Chessman, 49 Mont. 326, 334, 143 Pac. 631, 146 Pac. 469, Ann. Cas. 1916A, 681. In order for payment of principal or interest to toll the statute of limitations it must be voluntary and the indebtedness clearly identified so as to warrant the inference that the debtor had acknowledged the existence of the liability and his obligation to pay the remainder of the debt. Nathan v. Jenkins, 113 Mont. 46, 57, 123 Pac. (2d) 975. Here there was evidence of an understanding that the rent was to be applied on the notes. In the absence of specific directions by the defendant as to the application of the rent to the various notes,

the plaintiff creditor could apply it as he saw fit to interrupt the running of the statute as to all of the notes. Sec. 7430, Rev. Codes; Restatement of the Law of Contracts, p. 729, sec. 387; Girson v. Girson, 112 Mont. 183, 114 Pac. (2d) 274. Nor is it necessary that a payment be made in money in·order to toll the statute. The rendering of services, transfer of property or goods or the assumption of obligations taken as part payment of principal or interest is sufficient. Sutherland v. MacLeod, 311 Mass. 295, 41 N. E. (2d) 9, 139 A. L. R. 1378 et seq. The question of whether the payments relied upon to toll the statute were intended to apply on the specific debts and were made in accordance with the above rules is a question for the jury under proper instructions. Girson v. Girson, supra; Annotation 142 A. L. R. 395. Five of the trial court's instructions related to the effect of the statute of limitations and no objections were taken to any of the instructions. Therefore there is nothing in the record to warrant this court to disturb the finding of the jury that the notes were not barred by the statute of limitations.

The next error assigned is that the verdict is in excess of the amount asked for in plaintiff's complaint. The complaint asked judgment for the sum of $1,000 plus interest thereon at the rate of eight per cent. per annum, less the sum of $1,080 which has been applied toward the interest on each cause of action. The verdict was for $8,268.15. The appellant insists that the interest was improperly computed, that simple interest only was recoverable under these pleadings and that the most that could have been recovered under the allegations and prayer of the complaint was $5,960.

Since the notes were copied into the complaint and made a part thereof, section 9172, Revised Codes 1935, is applicable. Section 9172 reads as follows: ''The insertion in a pleading of a copy of a written instrument is equivalent to setting forth the instrument according to its legal effect.'' The prayer of the complaint does not ask for either simple interest or compound interest but asks for a judgment for the principal sum together with interest thereon. An examination of the notes copied into

the complaint reveals that they provided that "any installment of interest not punctually paid when due shall become a part of the principal and thereafter bear the same rate of interest as the principal debt." Such a contract is specifically validated in this state by section 7728, Revised Codes: "The parties may, in any contract in writing whereby any debt is secured to be paid, agree that if the interest on such debt is not punctually paid, it shall become a part of the principal, and thereafter bear the same rate of interest as the principal debt."

Here the contractual agreement was that the debt should bear interest at the rate of eight per cent. per annum until paid. The first note explicitly provided that the interest be paid annually. This means that the contractual agreement was that there should be an annual rest, the interest computed at each rest and any unpaid interest added to the principal, and in turn to bear interest at eight per cent. until paid.

The remaining four notes were silent as to the time the interest should be paid. These notes provided, "Interest to be paid————." Section 7724, Revised Codes, reads: "When a rate of interest is prescribed by a law or contract, without specifying the period of time by which such rate is to be calculated, it is to be deemed an annual rate." The legal effect is the same for the four notes in which no period of time was provided as for the note specifically providing that the interest is to be paid annually. The plaintiff could have filled in the blanks (sec. 8421, Rev. Codes 1935), but there was no obligation to do so and the effect of the contract is the same as if the blanks had been filled in and annual payment of interest specifically stipulated. Burnett v. Burnett, 68 Mont. 546, 219 Pac. 831. The principal amount due was affirmatively alleged and the rate of interest and the basis for its computation appeared in the complaint. All that remained was to make a mathematical computation of the exact amount due. An allegation that interest is due and a prayer for interest is sufficient to apprise the defendant of the claim against him. Brown v. Bilton, 34 Colo. 135, 81 Pac.

758; First Nat. Bank of Tucumcari v. Lutz, 28 N. M. 615, 216 Pac. 505.

However, the defendant insists that there was no evidence supporting a verdict of $8,286.15.

In the course of his direct examination the plaintiff testified as follows:

"Q. Have you figured the amount that is now due you on the notes? A. I watched you figure it.

"Q. Do you have those figures as to the amount due? A. I think it was $9,036.15.

"Q. Where did you get that figure? A. I think you figured it for me in your office.

"Q. You asked me to figure it, the amount due? A. Yes.

"Q. Does that figure $9,036.15 include an item of attorney fees which was asked by you in your complaint? A. Yes, sir, I think it does. There is $750.00 attorney fees on each of the five notes figured in.

"Q. That is in your complaint? A. Yes.

"Q. You have set forth that a reasonable attorney fee is $150.00 on each note, for a total of $750.00 A. Yes.

"Q. Your figure of $9,036.15 is the amount of the notes, as they have been figured for you, plus attorney fees? A. Yes, sir.

"Q. The amount of the notes and interest which have been figured for you, is it $8,286.15? A. Yes, sir..

"Q. Is that the figure I gave you? A. Yes, sir. * * *

"Q. There is a balance now due and owing to you of $8,-286.15? A. Yes, sir."

The court instructed the jury that the plaintiff claimed a balance due him of $8,286.15. Whether the jury accepted the amount testified to by the plaintiff or arrived at the same amount by a separate computation is immaterial. The award was consistent with the evidence and the pleadings.

The defendant moved for a new trial on several grounds including that of newly discovered evidence. In support of this motion an affidavit by H. F. Elmore was filed. The affidavit

relates to indorsements which appear on the back of each of the notes. On the four notes executed May 1, 1930, the indorsement reads, "Interest due to Jul 1, 1940 810.67." The indorsement on the notes executed on November 1, 1930, reads, "Interest due to Jul 1, 1940 780.00." In the course of the trial the plaintiff was asked about these indorsements and testified as follows:

"Q. On the back of these notes I notice a computation of interest. Whose handwriting is that? A. It ain't mine. I never seen that put on there. I have got no way of swearing who done that.

"Q. 'Interest $810.67' is written on the back of each? A. I think that's correct, too, but I didn't put that on there. I didn't have it put on there, either.

"Q. You don't know who wrote that on there? A. I didn't see it put on there."

He further testified that he thought the defendant had the indorsement made. Elmore's affidavit states that he was the person who computed the interest and made the indorsement in 1943; that thereafter during April, 1946, about two weeks before the trial of the case, the plaintiff brought the notes to Elmore to ascertain whether the plaintiff or defendant brought the notes in to him in 1943. Elmore advised the plaintiff "That to the best of my recollection that he, the said R. D. Mercer, had brought the notes to me for such computation, and that Sam Mercer had not brought said notes to me."

Defendant assigns error for failure to grant a new trial on the basis of this affidavit. It is his contention that had the plaintiff disclosed this information at the trial Elmore could have been called as a witness for the defendant.

It is difficult to see how the defendant has been prejudiced by failure to have Elmore testify. The question of the amount of interest was presented to the jury and the calculation that Elmore made in 1943 would have had little bearing on the amount due in 1946. Such evidence would have been only cumulative as to the basis for computation of interest. Nor has the defendant made any other showing of prejudice resulting from

the failure to have Elmore appear as a witness that would justify this court to find reversible error in the trial court's denial of defendant's motion for new trial.

The judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Angstman and Cheadle concur.

Rehearing denied May 21, 1947.